ROBERT R. CLARK

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa April 1, 1895.*

1. PUBLIC IMPROVEMENTS—*the estimate of cost must be made under the ordinance.*   An assessment for a local improvement is invalid where the estimate of the cost does not appear to have been made under the ordinance for such improvement, but under some former ordinance.

2. SAME—*when writ of error will reach defects.*   Insufficiency of the proceedings upon a special assessment for a public improvement to support a judgment against land may be taken advantage of on writ of error, where such insufficiency appears upon the face of the record.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

MONTGOMERY & MONTGOMERY, for plaintiff in error.

JOHN F. HOLLAND, and WILLIS E. THORNE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

On January 11, 1892, the defendant in error filed its petition in the county court of Cook county, showing that on December 14, 1891, its city council had passed an

ordinance providing that "six-inch drains" be laid on Belmont avenue, from the river to Milwaukee avenue, and praying that the cost of said improvement be assessed in the manner prescribed by law. The certified copy of the ordinance filed with and made a part of the petition shows that it was passed on December 14. This ordinance named three persons, as provided by section 20, of article 9, relating to special assessments for local improvements, to make an estimate of the cost of the improvement, and to make report thereof, in writing, to the city council. It is shown by the petition, and a certified copy of the report attached, that these three persons made a report to the council on the 16th day of November, 1891, reciting that the city council had passed an ordinance providing that a "house drain" be laid from the public sewer to and in front of such lot or parcel of land on Belmont avenue, and that they had been appointed to make the estimate, etc., and which estimate they fixed at $9792. It was also shown by the petition, and a certified copy of the order of the council approving this report and directing the petition to be filed, adopted by the council on November 16, that this report was made in pursuance of an ordinance for "house drains" in Belmont avenue, passed on the ninth day of November, 1891. After proper notices given, no objections being filed, default was entered, and the cost of the improvement, as so reported, was assessed against the several lots and parcels of land abutting on this avenue. As described in the petition, plaintiff in error owned the east half of the south-east quarter of section 23, township 40, range 13, which had a frontage on the avenue in which the drains were to be laid, of 1320 feet. This tract was assessed for the cost of forty-eight drains, which, as nearly as can be made out from the ordinance, were to be put in, along some parts of the avenue one for every 25 feet, and along other parts one for every 23 feet, with some intervening spaces of nearly 100 feet where none

were to be put in.   Plaintiff in error did not appear and contest the proceedings in the county court, and no bill of exceptions was filed, but he prosecutes this writ, alleging that the proceedings are erroneous on their face.

The first step to be taken in making a local improvement is the passage of a valid ordinance.   The ordinance lies at the foundation of the proceeding, (*City of East St. Louis* v. *Albrecht*, 150 Ill. 506,) and no petition to assess the cost of the improvement against the several parcels of land to be benefited can be filed until the estimate of such cost has been made and reported to the council by the persons appointed for that purpose under the ordinance.   (*Jones* v. *Town of Lake View*, 151 Ill. 663 ; *Goodwillie* v. *City of Lake View*, 137 id. 51.)   The estimate must, of course, be made under the ordinance, since the statute requires that the nature, character, locality and description of the improvement shall be specified in the ordinance.   It could hardly be contended that on filing its petition the city would be authorized to adopt some report of the estimated cost made under some other ordinance. The statute requires that the petition shall recite the ordinance and the report of the commission ; but in this case the report recited does not appear to have been made under the ordinance recited in the petition, but appears to have been made nearly a month before the passage of this ordinance, and under some former ordinance. The proceedings are insufficient, on their face, to support the judgment against the land of plaintiff in error, and such insufficiency may be taken advantage of on writ of error.   *Wilson* v. *Myrick*, 26 Ill. 34 ; *Haynes* v. *Lucas*, 50 id. 436 ; *Kipp* v. *Lichtenstein*, 79 id. 358.

Other questions have been discussed by counsel which we do not think it necessary to decide.

The judgment of the county court against the land in question of plaintiff in error is reversed, and the cause remanded to that court.

*Reversed and remanded.*