ESTHER WADLOW

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa January 20, 1896.*

1. SPECIAL ASSESSMENTS—*certificate of clerk no part of ordinance for assessment.* The statute does not require an ordinance for a special assessment to be certified by the clerk or that such certificate be recited in the petition for the assessment, and such certificate, if made, is no part of the ordinance.

2. SAME—*presumption that passage of ordinance was proved.* It will be presumed, on appeal, in the absence of a bill of exceptions, that the passage of the ordinance for a special assessment was proved, even though a certificate of the clerk as to its passage, attached to the ordinance filed with the petition, is defective.

3. SAME—*what is not proof that commissioners' report preceded ordinance.* The fact that the order approving the report of special assessment commissioners is given an earlier number by the clerk than the ordinance for the assessment, does not establish the fact that such report preceded the passage of the ordinance.   *Clark* v. *City of Chicago,* 155 Ill. 223, distinguished.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

MONTGOMERY & MONTGOMERY, for plaintiff in error:

This case is in irreconcilable conflict with *Clark* v. *Chicago,* 155 Ill. 223.   In addition to the *Clark case,* and *Chicago* v. *Railroad Co.* 20 Ill. 286, the statement of the principle contended for is found in *Chicago* v. *Wright,* 32 Ill. 192.

JOHN F. HOLLAND, and WILLIS E. THORNE, for defendant in error.

Per CURIAM:   This is a writ of error to the court below, bringing up for review a judgment confirming a special assessment to pay for macadamizing Vincennes avenue, from Thirty-fifth to Thirty-ninth street, in Chicago.   The record shows that the several steps required by the statute in such cases were taken, and upon the return of the assessment roll, notice by mailing, posting and publication of the final hearing at the November term, 1893, of the county court, was given, as required by section 27, article 9, chapter 24, of the Revised Statutes. At said November term a rule was entered by the court requiring all parties desiring to object to the assessment to file their objections by a day named.   No objections being filed, judgment confirming the assessment as reported by the commissioners was rendered by default.

The principal grounds urged for a reversal of the judgment are, that it does not appear from the record that the ordinance on which the assessment was based was ever passed by the city council, or, if passed, that the record shows the estimate of the cost of the improvement

was made before the passage of the ordinance. These objections are not sustained by the record. The petition recites that on a certain date mentioned, prior to the filing of the petition, the ordinance was passed by the city council, and that a certified copy of the ordinance is attached to the petition. A copy of the ordinance is attached to the petition, but objections are made to the form of the attached certificate of the clerk. The certificate of the clerk is no part of the ordinance, and the statute does not require that any such certificate should be attached to or be recited in the petition. There is no bill of exceptions in the record, and the passage of the ordinance could well have been proved without any such certificate.

Nor does it follow, as a matter of law, that because the order of approval of the report of the commissioners has an earlier number given it by the clerk than the ordinance, therefore the report must have preceded the passage of the ordinance. The record is by no means subject to the same objections in the respect mentioned as was the record in *Clark* v. *City of Chicago*, 155 Ill. 223, as is supposed by counsel. In that case it appeared on the face of the record and from the recitals in the petition that the estimate and report were not made under the ordinance providing for the improvement, but were made before its passage, under some former ordinance, and it was held that the proceedings were insufficient, on their face, to support the judgment, when taken advantage of in a direct proceeding, as on writ of error. But the record in the case at bar is not open to the defects there pointed out.

Other criticisms are made, but they do not go to the sufficiency of the proceedings, as they appear of record, to support the judgment.

The judgment of the county court is affirmed.

*Judgment affirmed.*