## BESSIE B. ADCOCK

*v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa March 28, 1896.*

1. SPECIAL ASSESSMENTS—*effect of defect in clerk's certificate to ordinance.* A petition for a special assessment is not defective because the certificate of the clerk to a copy of the ordinance for the improvement, annexed to the petition, is insufficient, as the statute does not require that the ordinance recited in the petition shall be certified, and the certificate is no part of the ordinance.

2. SAME—*failure of one commissioner to act defeats the proceeding.* The three commissioners appointed to make an estimate of the cost of an improvement must act jointly, and action by two of them only, the third party taking no part, cannot be sustained.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

DAVID G. ROBERTSON, for plaintiff in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county confirmed a special assessment against property of plaintiff in error, and the writ of error in this case was sued out to reverse that judgment.

The first objection made to the proceeding is, that the petition for the assessment did not recite the ordinance for the proposed improvement. The petition, which was filed September 21, 1892, recited that on April 7, 1892, the ordinance was passed by the city council, and that a certified copy of said ordinance was thereto attached and made a part thereof. The copy of the ordinance was annexed to the petition, and the objection made is to the certificate of the clerk to that copy. The certificate is no part of the ordinance, and the statute does not require that the ordinance recited in the petition shall be certified in any manner. That objection is without merit. *Wadlow* v. *City of Chicago,* 159 Ill. 176.

The statute also requires that the petition shall recite the report of the commissioners appointed to make an estimate of the cost of the improvement contemplated by the ordinance. J. S. Sheahan, George H. Waite and O. F. Dodge were appointed commissioners to make such estimate, and the report annexed to the petition was signed by but two of said commissioners, J. S. Sheahan and O. F. Dodge. It has been decided that the statute requires that the commissioners appointed to make a special assessment shall act jointly, and that action by two of them cannot be sustained. (*McChesney* v. *People ex rel.* 148 Ill. 221; *Boyington* v. *People ex rel.* 155 id. 66.) The same rule must be applied with respect to the commissioners appointed to estimate and report the cost of the improvement. There is no ground upon which a distinction in that respect between the two sets of commissioners could rest. It does not appear that the third commissioner met or acted with those who made the report, or took any part in the proceeding.

The judgment will be reversed and the cause remanded.                    *Reversed and remanded.*