## U. B. FERRIS

*v.*

## THE CITY OF CHICAGO.

*Filed at Ottawa June 13, 1896.*

1. SPECIAL ASSESSMENTS—*ordinance attached to petition need not be certified.* Failure of the city clerk to certify that a copy of an ordinance for a special assessment, attached and referred to in the petition, was passed by the council, is no ground of objection to the confirmation of a special assessment.

2. SAME—*commissioners cannot assess for street not named in order of their appointment.* Commissioners have no authority to assess the cost of improving another and different street from that named in the order appointing them.

WRIT OF ERROR to the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

F. W. BECKER, for plaintiff in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a proceeding in the county court of Cook county for the confirmation of a special assessment for the improvement of Seventy-fourth street, between Yates and Bond avenues, in the city of Chicago, by curbing, grading and macadamizing the same. Plaintiff in error, one of the owners of assessed property, appeared and filed objections. All of the objections were overruled and judgment rendered confirming the assessment. The record is brought here by writ of error.

Four grounds are relied upon by plaintiff in error to reverse the judgment:

*First*—It is said that the "petition does not recite an ordinance, but refers to a paper as an exhibit, which, on inspection, purports to be a report of the commissioner of public works submitting a draft of an ordinance to the council, and nothing appears in the certificate of the clerk showing that the proposed ordinance was ever passed." There is no merit in this objection. All the

statute requires in this regard is that the petition shall recite the ordinance for the proposed improvement. What the petition alleges to be a copy of the ordinance is annexed thereto and made a part thereof. This is a compliance with the statute. Whether such document is in fact a true copy of the ordinance was matter for proof on the hearing. What was or was not certified by the clerk in his certificate is of no importance, because the statute does not require that the ordinance recited in the petition shall be certified in any manner. *Wadlow* v. *City of Chicago,* 159 Ill. 176; *Springer* v. *City of Chicago,* id. 515; *Adcock* v. *City of Chicago,* 160 id. 611.

*Second*—It is claimed the ordinance is contradictory, in that, after providing for a pavement of macadam, it provides for a pavement of wooden blocks. Upon looking at the copy of the ordinance which is made a part of the petition we find no provision therein for a pavement of wooden blocks. The clause relating to wooden blocks is erased from the paper on which is written and printed the copy of the ordinance, and is no part of said copy.

*Third*—It is urged that the ordinance is contradictory for the further reason that one provision is that the pavement conform to the grade of Seventy-fourth street and another that it shall be one-half inch higher than that grade. The answer to this objection is that the ordinance contains no provision that the pavement shall be one-half inch higher than the grade of Seventy-fourth street.

*Fourth*—It is objected that the commissioners who assessed the cost of this improvement were appointed by the county court to assess the cost of improving Twenty-fourth street, and not Seventy-fourth street. This objection is well made. It does not appear from the record that any commissioners were ever appointed to assess the cost of improving Seventy-fourth street, and it affirmatively and clearly appears therefrom that the assessment for improving said Seventy-fourth street was made and returned by commissioners who had been appointed to

make an assessment for an improvement on Twenty-fourth street, and that street only. Of course, such commissioners had no authority to make the assessment that appears in this proceeding. The county court, therefore, erred in rendering judgment of confirmation against the property of plaintiff in error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*