THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

JOHN A. MARKLEY.

*Filed at Ottawa April 3, 1897.*

1. SPECIAL ASSESSMENTS—*extent to which party defaulted at confirmation is concluded from questioning prior proceedings.* Where a county court has jurisdiction to enter a judgment confirming a special assessment, such judgment concludes a property owner, defaulted at the hearing, from afterward questioning any of the proceedings had prior to the judgment, unless they are so defective as to render the judgment void.

2. SAME—*validity of objection to application for judgment of sale that only two commissioners acted.* An objection that only two of three special assessment commissioners appointed acted in making the estimate, and only two, with a third party, signed the report, comes too late on application for judgment of sale for the tax, provided the other proceedings are sufficient to give the county court jurisdiction to enter the judgment of confirmation. (*McChesney* v. *People*, 148 Ill. 221, and *Boynton* v. *People*, 155 id. 66, distinguished.)

3. SAME—*when paving ordinance need not specify width of street to be paved.* An ordinance for paving and curbing which provides for the paving of an entire street for a designated distance is not void, as failing to specify the width of the street.

4. Upon the point that the assessment was not divided into installments in the manner provided by law, the opinion follows the decision in *Delamater* v. *City of Chicago*, 158 Ill. 575.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

JOHN D. ADAIR, for appellant:

Failure of paving ordinance to specify width of the street is not such a defect as renders the ordinance void. *Culver* v. *People*, 161 Ill. 99; *Adams* v. *Quincy*, 130 id. 566; *Woods* v. *Chicago*, 135 id. 582.

The application of the county treasurer is not a proceeding instituted to set aside a judgment of confirmation. The question whether a judgment confirming a special assessment was merely erroneous cannot be raised in a collateral proceeding. *Maloney* v. *Dewey*, 127 Ill. 402; *People* v. *Brislin*, 80 id. 425; *Lehmer* v. *People*, 80 id. 601; *Railway Co.* v. *People*, 83 id. 467; *Prout* v. *People*, 83 id. 154; *Andrews* v. *People*, 83 id. 529, and 84 id. 28; *Schertz* v. *People*, 105 id. 27; *Osborn* v. *People*, 103 id. 224; *Blake* v. *People*, 109 id. 520; *Railway Co.* v. *Scipp*, 120 id. 104; *Riebling* v. *People*, 145 id. 120; *Fisher* v. *People*, 157 id. 659; *Perry* v. *People*, 155 id. 307; *Dickey* v. *People*, 160 id. 633; *Hertig* v. *People*, 159 id. 237; *Culver* v. *People*, 161 id. 99.

It is too late upon application for judgment of sale for delinquent assessment to raise the question of the division of the assessment in installments. *Delamater* v. *Chicago*, 158 Ill. 575.

166—4

Rich & Stone, and Randall W. Burns, for appellee:

A court has no jurisdiction to enter judgment of confirmation if only two, instead of three, commissioners appointed by the ordinance to estimate the cost of the improvement signed such estimate. Such estimate must be the finding of three duly authorized commissioners, acting concurrently. Starr & Curtis' Stat. 1896, sec. 136, chap. 24; *Adcock* v. *Chicago*, 160 Ill. 611; *McChesney* v. *People*, 148 id. 221; *Boynton* v. *People*, 155 id. 66.

An ordinance which does not state the width of the street to be paved is void. *Gage* v. *Chicago*, 143 Ill. 157.

The question of the unlawful division of the assessment, whether made by the ordinance or by the commissioners appointed by the county court, may be raised upon the application of the county treasurer for judgment. *Culver* v. *People*, 161 Ill. 100.

Mr. Justice Craig delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county denying the application of the county treasurer of that county for judgment against the property of the appellee, returned as delinquent for the non-payment of a special assessment levied by the city of Chicago to pay the cost of curbing, etc., Calumet avenue, from Fifty-first to Fifty-fifth street.

On the application of the city of Chicago to confirm the assessment due notice was given, but appellee did not appear nor did he file any objections, and judgment of confirmation was entered. It is contended, however, in the argument, that the judgment of confirmation is not binding, as against appellee, upon three grounds: First, because only two of the three commissioners appointed to estimate the cost of the improvement acted in making the estimate, and but two of them signed the report; second, the court had no jurisdiction because the ordinance is void in that it does not provide what portion of the street is to be improved, nor does it show the width

of the street that is proposed to be paved; third, the ordinance provides that the assessment shall be made payable and be collected by installments, the first of which shall be twenty-five per cent of the total amount of the assessment, whereas the assessment is divided into five equal installments, the first of which is twenty per cent of the total amount of the assessment; that such division into installments of the assessment by the ordinance is void, as is also the division made by the commissioners who spread said assessment.

The first question to be considered is whether the court had jurisdiction to render the judgment of confirmation. Where, upon an application for the confirmation of a special assessment, the court has jurisdiction to render the judgment of confirmation, such judgment will conclude the land owner from questioning any of the proceedings had prior thereto on a subsequent application for a judgment and order for sale of the premises; but if the proceedings anterior to the judgment confirming the assessment were so defective as not to authorize the court to act at all upon the question of confirmation, then the objections to these proceedings may be made upon an application for judgment and order of sale. (*Schertz* v. *People*, 105 Ill. 27.) The same rule has been declared in *Clark* v. *People*, 146 Ill. 348, *Culver* v. *People*, 161 id. 89, and other cases.

In regard to the first point relied upon to defeat the judgment of confirmation: Section 135, chapter 24, of the Revised Statutes, requires the city council to appoint three competent persons, who shall make an estimate of the cost of the improvement and report the same in writing to the city council. Section 136 provides that upon such report being made and approved by the city council it may order a petition to be filed in the county court for proceedings to assess the cost of the improvement. Section 137 provides that the petition shall recite the ordinance for the improvement and the report of the

commissioners appointed to estimate the cost of the improvement. Here the petition recited the ordinance and the report of the commissioners, as required by the statute; but upon an examination of section 4 of the ordinance it appears that the city council appointed J. S. Sheehan, George H. Waite and G. L. Purington commissioners, while the report of the commissioners estimating the cost of the improvement was signed by J. S. Sheehan, M. O. Lewis and G. L. Purington, and it is claimed that this defect or irregularity in the report of the commissioners, as set out in the petition, rendered the proceedings void, and the court had no jurisdiction to render the judgment of confirmation.

In *McChesney* v. *People*, 148 Ill. 221, we held that the commissioners appointed to make a special assessment were required, in giving notice of application for a confirmation of the assessment, to act jointly, and a notice signed by only two of the commissioners appointed and a third party would not give the court jurisdiction to render a judgment of confirmation, and that a property owner might set up such want of jurisdiction in defense to an application for judgment against delinquent land. The same doctrine was announced in *Boynton* v. *People*, 155 Ill. 66. In *Adcock* v. *City of Chicago*, 160 Ill. 611, where a writ of error was sued out to reverse a judgment confirming a special assessment where only two of the commissioners appointed to estimate the cost of the improvement had signed the report, we held that the report was insufficient and that a judgment of confirmation predicated on such a report was erroneous. It will be observed that in the *Adcock case* the question arose on writ of error. No question of jurisdiction was involved, but the only point involved was whether the judgment of confirmation was erroneous. Here the judgment may be erroneous and it might be reversed on writ of error; but if the court had jurisdiction, although the judgment may be erroneous it cannot be attacked in a collateral proceeding. The judg-

ment may be erroneous, but unless it is void the defense interposed on application for judgment cannot be sustained. In the *McChesney case*, and also in the *Boynton case*, *supra*, the judgment of confirmation was void, for the reason the court did not acquire jurisdiction on account of insufficient notice. But no such question is presented in this case. Here, as appears by the allegations of the petition filed, but two of the commissioners appointed to estimate the cost of the improvement acted. The petition was defective, and had appellee appeared and interposed an objection no judgment of confirmation would have been entered unless the defect in the petition had been cured by amendment. But the defect was not one which affected the jurisdiction of the court, and while the court may have erred in rendering a judgment of confirmation on the petition without amending it, the action of the court was a mere error which cannot be availed of on application for judgment against delinquent lands. Moreover, what evidence was heard on the application to confirm the assessment does not appear, as there is no bill of exceptions in the record showing what evidence was then before the court. For aught that appears, evidence may have been introduced showing that the three commissioners who signed the report were duly appointed by the city council by an order or ordinance not appearing in the petition.

As to the second point relied upon, an examination of the ordinance will show that the entire street is to be improved from the south curb line of Fifty-first street to the north curb line of Fifty-fifth street. The ordinance specifies in detail the nature and character of the improvement as required by the statute. As to the objection that the ordinance fails to specify the width of the street, that was not required. *Adams County* v. *City of Quincy*, 130 Ill. 566; *Woods* v. *City of Chicago*, 135 id. 582.

In regard to the third point, that the assessment was not divided into installments, as required by law: The

defect complained of did not render the assessment void. This question was fully considered in *Delamater* v. *City of Chicago*, 158 Ill. 575, where a similar objection was made and decided adversely to the position of appellee. As the decision in that case is conclusive of the question, a further discussion of it is not required here.

The judgment of the county court will be reversed and the cause remanded.          *Reversed and remanded.*