ADOLPH LARSON *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed November 8, 1897.*

1. SPECIAL ASSESSMENTS—*when omissions from record are presumed to have been supplied by evidence.*   Where a confirmation judgment entered by default recites a finding of jurisdictional facts, it will be presumed, on appeal from a proceeding to sell the property for the tax, that the omission of a signature to the *jurat* attached to the affidavit of mailing notices was supplied by other evidence.

2. SAME—*effect where assessment roll is signed by two commissioners, only.*   A confirmation judgment entered by default cannot be collaterally attacked in a proceeding to sell the property for the delinquent assessment, on the ground that the assessment roll was signed by two commissioners, only.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

VICTOR ELTING, for plaintiffs in error.

J. D. ADAIR, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

To reverse a judgment of sale rendered in the county court of Cook county on application of the county treasurer, against certain property of plaintiffs in error, for the unpaid first installment of a certain special assessment, the plaintiffs in error have prosecuted this writ of error to this court.   Only two points are relied on for reversal:   First, that the assessment roll upon which judgment of confirmation was rendered was wholly irregular and void, and that the judgment of confirmation based thereon cannot be sustained because the roll, and the certificate to the same, were signed by only two commissioners; and second, that the affidavit of mailing notices in the same proceeding was of no effect because there was no signature affixed to the *jurat.*

It will be perceived that this is an attempt to attack a judgment in a collateral proceeding. Notice by mailing, posting and publication are all essential to jurisdiction to render a judgment of confirmation in a special assessment proceeding. (*McChesney* v. *People*, 145 Ill. 614.) It was held in *Kruse* v. *Wilson*, 79 Ill. 233, that an affidavit in attachment without the signature of the officer before whom the oath was taken was not void, and could only be attacked in a direct proceeding. A summons had been issued on such affidavit, in which it was recited that the affidavit had been made, and the court said (p. 237): "If an oath was administered, and by the proper officer, as it assuredly was, the law was satisfied, and the mere omission of the clerk to put his name to an act which was done through him as the instrument should not prejudice an innocent party who has done all he was required to do." In the present case, although there was no signature to the *jurat* on the blank line left for that purpose, there was an impression of a seal below, showing these words: "John S. Sheahan, Notary Public, Cook Co., Ill." The order of default of the county court finds "that the commissioners heretofore appointed to make said assessment have complied with all the requirements of the law as to posting and sending notices to the owners of the property assessed, and that due notice, as required by law, has been given of this application, and of the making and return of the said assessment, and of the time for the final hearing thereon." It might have been proved extrinsically in the assessment proceedings that the oath was in fact taken. (1 Ency. of Pl. & Pr. 318.) In view of the rule so often announced by this court, that when the judgment recites the finding of the jurisdictional facts it will be presumed that any omissions appearing on the face of the record were supplied by other evidence, (*Dickey* v. *People*, 160 Ill. 633,) this point is overruled.

The court having jurisdiction, the judgment of confirmation rendered was not void, and could, at most, only

have been erroneous. In *People* v. *Markley*, 166 Ill. 48, the point was raised that only two of the commissioners appointed by the city council had signed the estimate of the cost of the improvement, and it was there held that the defect was not one which affected the jurisdiction of the court, and while the court might have erred in rendering the judgment of confirmation on the petition without amending it, the action of the court was a mere error, which cannot be availed of on application for judgment against delinquent lands. In a direct attack such omission has been held fatal. In *Adcock* v. *City of Chicago*, 160 Ill. 611, it was said: "It has been decided that the statute requires that the commissioners appointed to make a special assessment shall act jointly, and that action by two of them cannot be sustained. The same rule must be applied with respect to the commissioners appointed to estimate and report the cost of the improvement. There is no ground upon which a distinction in that respect between the two sets of commissioners could rest." In the present case, the affidavits of mailing and posting, and the certificate of publication, showed that all three commissioners signed the notices given and all three of them took the necessary oath, but only two signed the assessment roll and the certificate to the same. The notices sent to the persons assessed informed them of the return of the assessment roll into court, as did also the notices published and posted, and these were signed by all three commissioners.

On the authority of *Adcock* v. *City of Chicago, supra*, and *People* v. *Markley, supra*, we must hold that this defect in the assessment roll in nowise affected the jurisdiction of the court, and if it was erroneous for the court to render judgment of confirmation on such a roll, still such judgment cannot be attacked collaterally.

The judgment will therefore be affirmed.

*Judgment affirmed.*