JOHN A. MARKLEY

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 22, 1897.*

1. APPEALS AND ERRORS—*when rule that objections not raised below are waived does not apply.* The rule that objections not raised below, except jurisdictional questions, are waived, does not apply where a judgment confirming a special assessment is rendered by default.

2. SAME—*judgment by default may be reviewed by writ of error.* A judgment rendered by default may be reviewed by writ of error as to alleged errors appearing on the face of the record.

3. SPECIAL ASSESSMENTS—*commissioners appointed to estimate cost must act jointly.* Commissioners appointed to estimate the cost of an improvement must act jointly; and it is a fatal objection, in a direct proceeding to review a judgment confirming a special assessment, that the report of the commissioners was signed by two, only, of the three commissioners appointed, and by a third person not authorized to act.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

RICH & STONE, and RANDALL W. BURNS, for plaintiff in error.

CHAS. S. THORNTON, Corporation Counsel, and JOHN A. MAY, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a writ of error sued out to reverse the judgment entered by the county court of Cook county confirming a special assessment upon the property of the plaintiff in error and others, for the purpose of curbing, grading and paving Calumet avenue from Fifty-first to Fifty-fifth street, in the city of Chicago. Judgment was rendered against the plaintiff in error by default.

It appeared from a copy of the ordinance attached to the petition that the city council appointed J. S. Sheehan, George H. Waite and G. D. Purinton commissioners to estimate the cost of the proposed improvement. The report of the commissioners attached to said petition was signed by said Sheehan and Purinton and one M. D. Lewis as commissioners, and was not signed by the said George H. Waite. It is assigned for error the estimate was not signed by the commissioners appointed by the city council to perform that duty. In the case of *Adcock* v. *City of Chicago*, 160 Ill. 611, and *Moore* v. *City of Mattoon*, 163 id. 622, we held that the three commissioners appointed to make an estimate of the cost of an improvement to be made by special assessment must act jointly, and that the action of two of them only was a fatal error in the proceeding. We adhere to that view.

It is urged that as the plaintiff in error had been lawfully notified to appear and contest the judgment of confirmation herein sought to be reversed, it was his duty to appear and present objections, if any he had, to the rendition of the judgment, and that in the absence of any such appearance or objection all objections not going to the jurisdiction of the court over the subject matter must be deemed waived, and cannot be presented for the first time in this court; and in support of this position counsel for defendant in error cite *Hunerberg* v. *Village of Hyde Park*, 130 Ill. 156, *Kelly* v. *City of Chicago*, 148 id. 90, *Young* v. *People*, 155 id. 247, and *Dickey* v. *City of Chicago*, 164 id. 37. In each of those cases so relied upon the property owner

appeared and filed objections to the rendition of judgment, and the ruling in each of the cases was, that such property owner could not be permitted to raise in this court certain other objections, for the reason he had not interposed such objections in the county court, and it should be deemed he had waived them. The doctrine which controlled in those cases was that of waiver, arising in law from the act of the party, and is based upon the rule that one appearing in a trial court to resist a proceeding against him should, in justice and good faith to the court and the adverse party, interpose all the objections he has to the proceedings, in order, if tenable, they may be obviated and removed in that court, if possible. An objection which touches upon the jurisdiction of the court over the subject matter of the action is not affected by the act or failure of the party to act, for the reason such jurisdiction must be conferred by law and cannot be granted by the consent of parties, nor even by their express waiver, much less by a waiver implied from an act of the party. But the principle that objections cannot be first raised in this court can have no application when the party does not appear and no objection is made in his behalf. He may be defaulted if he fails to appear in response to lawful notice, and will then be deemed to have confessed all that is well alleged against him in the pleadings. He may, when defaulted, be heard in a court of review to insist that, admitting all that is well alleged, yet the judgment against him is unwarranted. It is elementary law a judgment rendered by default may be reviewed as to alleged errors appearing on the face of the record. It is an appropriate function of a writ of error to procure a review of such a judgment. *Clark* v. *City of Chicago,* 155 Ill. 223.

The defendant in error insists that the view pressed in its behalf by counsel, that when a judgment confirming a special assessment is rendered by default all objections which might have been presented shall be deemed to have

been waived, is declared by this court in the case of *Mc-Chesney* v. *People ex rel.* 148 Ill. 221, and in support of such contention quotes a portion of a sentence from the opinion in that case, as follows: "The land owner, when notified by the commissioners as provided by the statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive on him." The only point presented for reversal of the judgment in the case cited was, whether legal notice had been given the property owner of the time and place when and where the application for the confirmation of the assessment would be heard, and that being true, the judgment under consideration in that case would be conclusive if the point was not well taken, and the quotation from the opinion is but an observation of the court to that effect.

The fact that only two of the commissioners appointed by the city council to estimate the cost of the improvement in the case at bar joined in the making of the estimate, and that a third unauthorized party acted with them, appears from the signatures attached to the report. It is urged it was sufficient to file with the petition a copy of the body of the report, and that the signatures may be regarded as surplusage, and if so rejected the error does not appear. If not absolutely necessary it was proper to copy the entire report, including the signatures of the commissioners, and therefore it cannot be said the record proper is free from error.

Having determined the objection presented in the case at bar is fatal to the validity of the judgment under review, it is unnecessary we should discuss other alleged errors in the record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*