ADOLPH LARSON *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 21, 1898.*

1. SPECIAL ASSESSMENTS—*when confirmation raises a presumption that commissioners gave proper notice.* A finding of jurisdictional facts in a judgment of confirmation raises a presumption, in the absence of a bill of exceptions, that the commissioners complied with the law as to notice.

2. SAME—*commissioners' certificate to assessment roll should show that all acted.* The certificate of commissioners appointed to make an assessment roll should show that all the commissioners acted jointly, and where the certificate is signed by two only, it will not be presumed, in a direct proceeding, that the third acted, in the absence of anything in the certificate to indicate that fact.

3. SAME—*court may direct amendment of certificate of commissioners to conform to facts.* Where the certificate of commissioners to an assessment roll is signed by two only, and nothing appears to show that all acted, the court has power to refer it back to the commissioners for amendment according to the facts, or, if they cannot agree, to appoint new commissioners.

4. SAME—*judgment confirming assessment roll made by two commissioners only, is erroneous, but not void.* A judgment confirming an assessment roll certified by two commissioners only, which fails to show that the third also acted, is erroneous on the face of the record, but not void, and is not open to collateral attack.

5. SAME—*judgment erroneous on face of record is not cured by absence of bill of exceptions.* A confirmation judgment erroneous on the face of the record is not cured by the absence of a bill of exceptions.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

VICTOR ELTING, for plaintiffs in error.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and STUART G. SHEPARD, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error is prosecuted from a judgment of confirmation of a special assessment rendered by the county court of Cook county. The only errors relied on are, that the assessment roll was irregular and void because the roll and the certificate to the same were signed by only two of the commissioners appointed by the court, and that the affidavit of mailing notices was of no effect because there was no signature affixed to the *jurat*. There was, however, an impression of a notary's seal.

This same record was before us in *Larson* v. *People ex rel.* 170 Ill. 93, where a judgment of sale was brought here for review, and we there overruled the same point made against the affidavit on the ground the court found that the commissioners had complied with all the requirements of the law as to sending notices to the property owners, and also found that due notice, as required by law, had been given. The judgment reciting the finding of the jurisdictional facts, so far as the question of notice is concerned, in the absence of any bill of exceptions in the record it will be presumed that the finding was supported by the evidence. *Dickey* v. *People*, 160 Ill. 633.

It is contended by plaintiffs in error that under the decisions in *Adcock* v. *City of Chicago*, 160 Ill. 611, *Harrison Bros.* v. *City of Chicago*, 163 id. 129, and *Moore* v. *City of Mattoon*, id. 622, it was necessary for all three commissioners to act jointly, and that such joint action could only be shown by their signatures to the assessment roll and the certificate. Defendant in error contends that such joint action in making the assessment is all that is necessary,

and that the signatures of all are not necessary to show such joint action, if it can be collected from the record or the evidence that they all acted jointly.

In the recent case of *Hinkle* v. *City of Mattoon*, 170 Ill. 316, in passing upon the action of the three persons appointed by the city council to make an estimate of the cost of the improvement, this court said (p. 321): "As the report is the evidence of what the committee does, it should show the presence of all, and if there is a disagreement or a mere majority report, the fact should be brought to the notice of the council, according to the usual practice, by the report, for the action of the council thereon. It is true that in some cases, where a report has been signed by only two of three persons authorized to act, it has been presumed that the third one was present and consulting; but we have not applied such a presumption in cases of this kind, in a direct proceeding to review the judgment."

The statute requires the commissioners to make an assessment roll and to certify such roll to the court. No roll could be made unless in writing, and a certificate implies a writing, and under the rule announced it must appear from the certificate that the commissioners acted jointly, and it will not be presumed that they so acted from the mere fact that two signed the report or certificate. In the case at bar the assessment roll appears to have been made by only two of the commissioners. The certificate begins: "The undersigned commissioners appointed," etc., and is signed by two, only. It has been decided by this court in several cases that the commissioners must act jointly, and that from the mere action by a majority it will not be presumed that the three consulted and acted together. (See cases *supra*, and *Larson* v. *People ex rel.* 170 Ill. 93.) As held in the latter case, as the court had jurisdiction the judgment is not void and open to collateral attack, but we are of the opinion it is erroneous on the face of the record. (*Clark* v. *City of Chi-*

*cago*, 155 Ill. 223.) The statute, as we have held, requires the joint action of the three commissioners, and one of the required acts, after the assessment roll is made, is that the commissioners certify the same to the court by which they were appointed, at least ten days before the first day of the term at which a final hearing thereon shall be had. This certificate is the evidence that the assessment, as shown by the assessment roll, is the act of the commissioners. In *Harrison Bros.* v. *City of Chicago*, *supra*, it was said that in "assessing benefits and certifying the roll the statute contemplates the joint action of the three commissioners," and that it must appear that the commissioners appointed acted. It does not appear from the roll or certificate in the case at bar that the three commissioners acted together, or that more than two of them acted at all, in making the assessment. It was therefore erroneous to confirm such assessment.

The statute authorized the court, at any time before judgment, to modify, alter, change or amend the assessment, or cause it to be re-cast by the same commissioners, or to appoint others, and to take all such proceedings and make all such orders as might be necessary to make a true and just assessment. The court had the undoubted power to direct the amendment of the certificate according to the fact, or to refer the roll back for alteration or change by the same commissioners, or, if they could not agree and it appeared necessary for the attainment of justice, to appoint other commissioners. The failure to take any such action does not, in our opinion, render the judgment void, but does render it erroneous. The absence of a bill of exceptions does not cure the defect, for, as before said, the judgment is erroneous on the face of the record. It should have appeared from the certificate itself that the commissioners acted jointly.

It is contended by defendant in error that the abstract is so defective that the judgment ought to be affirmed under the rule laid down in *Gibler* v. *City of Mattoon*, 167

Ill. 18. There is no such uncertainty in the case at bar as was shown in the *Gibler case,* and the writ of error cannot be dismissed or the judgment affirmed on that ground.

For the error indicated the judgment is reversed and the cause remanded. *Reversed and remanded.*