JAMES A. MURPHY

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 21, 1900.*

SPECIAL ASSESSMENTS—*when estimate of cost of improvement is void.* An estimate signed by one of the three commissioners appointed and by two strangers is void, in the absence of anything in the record to show that the latter were regularly appointed in the place of the commissioners who did not sign the estimate.

WRIT OF ERROR to the County Court of Cook county; the Hon. P. H. SANFORD, Judge, presiding.

WILLIAM J. DONLIN, for plaintiff in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the county court of Cook county to reverse its judgment affirming a special assessment against the property of the plaintiff in error by the city for laying a water supply-pipe on South Chicago avenue, from Eighty-seventh street to Manistee avenue, in said city.

By section 4 of the ordinance, which was passed July 23, 1896, H. J. Jones, J. S. Sheahan and F. C. Kelsey were appointed commissioners to make an estimate of the cost of the improvement. The report of the cost was made on July 27, 1896, but was signed by only one of said commissioners, H. J. Jones, the other two persons signing the same being Hiram P. Thompson and Lawrence Dobson. One of the objections filed by the plaintiff in error to the confirmation of the assessment was, that the estimate of the cost of said improvement is void, which objection was overruled. In this there was manifest error. Only the persons named as commissioners in the ordinance could legally act in making the estimate, unless others were regularly substituted in their stead, and there is nothing in this record to show that any such change

was made. The commissioners appointed by the ordinance must not only act, but their action must be joint, and a report signed by but one or two of those appointed, and by a stranger or strangers, is illegal and void. *Markley* v. *City of Chicago*, 170 Ill. 358, and cases there cited.

The judgment of the county court will be reversed and the cause remanded.　　　　　　*Judgment reversed.*