THE TOWN OF CICERO

*v.*

F. N. ANDREN *et al.*

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

SPECIAL ASSESSMENTS—*when amended report of commissioners is fatally defective.* An amended report of the commissioners appointed to estimate the deficiency for which a supplemental assessment is to be levied is fatally defective where it shows the death of one of the commissioners and is signed by the other two commissioners, but merely states that "we estimate," etc., without showing that the third commissioner acted with the others in making the examination, arriving at a conclusion and making the estimate.

APPEAL from the County Court of Cook county; the Hon. FRANK HARRY, Judge, presiding.

JOHN J. SHERLOCK, (CLAIR D. VALLETTE, FAYETTE J. PARTRIDGE, CHESTER B. MASSLICH, and EUGENE DUPEE, of counsel,) for appellant.

GIDEON S. THOMPSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county sustaining certain objections to a second supplemental assessment. The first original assessment was made under an ordinance adopted February 17, 1894, for the improvement of certain streets in the town of Cicero. A judgment of confirmation of said assessment was entered May 1, 1894, and an ordinance adopted dividing the assessment into five installments, the last of which became due May 1, 1898. This assessment was known as Cicero special assessment No. 421. Proceedings for a supplemental assessment were begun in 1895. The ordinance recited that the amount of the original assessment, as modified and reduced by the court, was insufficient to pay the cost of the improve-

ment and of making and levying the assessment, and ordered that a supplemental assessment be made for that purpose. The record does not show when the judgment of confirmation of this supplemental assessment was entered, but it was stipulated that it was prior to May 27, 1896. This assessment was known as Cicero special assessment No. 495. Another ordinance was passed April 12, 1898, for a third, or second supplemental, assessment. This ordinance recited that the cost of the improvement and of making and levying the first and second assessments exceeded the amounts of said first and second assessments as modified, reduced and confirmed, and that it was necessary to levy a third assessment for that purpose. This third, or second supplemental, assessment was confirmed as to all the property in the assessment roll except that owned by appellees. It was known as Cicero special assessment No. 666. Appellees filed a number of objections in the county court to its confirmation as to their property, but at the hearing waived all of said objections except three, namely, the eighth, thirty-seventh and thirty-eighth. The eighth objection recited that the original and first supplemental assessments were confirmed more than five years prior to the passage of the ordinance for the second supplemental assessment, and interposed the five year statute of limitations provided in section 48 of article 9, chapter 24, (Starr & Cur. Stat.—1st ed.—p. 504,) and also section 15 of the chapter on Limitations. The thirty-seventh objection alleged that the deficiency, if any existed, was caused by the failure of the town of Cicero to pay its proportion of the cost of the improvement assessed as public benefits against the town. The thirty-eighth alleged that the report of the commissioners appointed by the town board of the town of Cicero to estimate the amount of money necessary to be realized by the supplemental assessment did not take into account the amount of the second assessment, known as Cicero special assessment No. 495, which assessment had theretofore been levied and confirmed. The county

court sustained these objections and dismissed the petition for confirmation as to the property of the objectors.

The ordinance for the third assessment appointed S. D. Attridge, R. H. Traill and C. F. Hafner commissioners to make an estimate of the additional amount of money necessary to be realized in order that, together with the amount of the first and second assessments as modified, reduced and confirmed, there should be sufficient moneys to defray the cost of making the said improvement. Said commissioners afterwards made to the board of trustees of the town of Cicero a report, which, after reciting their appointment by ordinance and that the object and purpose of their appointment was "to make an estimate of the additional amount of moneys necessary to be realized in order that, together with the amount of the first assessment in the said ordinance mentioned, there shall be sufficient moneys to defray the cost of said improvement," recited that they had carefully examined the subject and "we estimate the additional amount of moneys necessary to be realized in order that, together with the amount of the said first assessment in said ordinance mentioned, there shall be sufficient moneys to pay for the improvement mentioned in said ordinance," at the sum of $19,329.73. The original assessment No. 421 was confirmed for $183,587.15. The first supplemental assessment was confirmed for $11,408.11. It will be seen that the report of the commissioners does not mention or refer to the second assessment, and said assessment does not appear to have been taken into consideration in estimating the additional amount required to pay for the improvement.

At the hearing of the objections appellant asked leave to file an amended report of said commissioners, which had been made to and approved by the board of trustees of the town of Cicero. Said amended report recited the appointment of the commissioners by ordinance; the death of Attridge after the appointment; that the commissioners were appointed to estimate the additional amount of money nec-

essary to be realized in order that, together with the amount of the said first and second assessments, there should be enough money to defray the cost of the improvement; that they made a report under and by virtue of the authority of the said ordinance and in accordance with its provisions, which was signed by all three of said commissioners and approved by the board of trustees April 14, 1900, and proceeded: "And we do hereby report, as the true and correct report of our proceedings and doings under and by virtue of the authority and direction of and in accordance with the provisions of the said ordinance and the true and correct report of the proceedings and doings of all of the commissioners appointed as aforesaid, that we did carefully examine the subject and did estimate the additional amount of moneys necessary to be realized for the purposes aforesaid, and all of them, that is to say: *we estimate* the additional amount of moneys necessary to be realized in order that, together with the amount of the said first and second assessments in said ordinance mentioned, there shall be sufficient moneys to defray the cost of said improvement, * * * at the sum of $19,329.73." This amended report was signed by Chris F. Hafner and R. H. Traill, commissioners. Leave to file said amended report was denied by the county court, and appellant insists that this was erroneous. It is contended by appellant that the ordinance appointing the commissioners was in the nature of a process issued by the town board, the report of the commissioners a return of the process, and that the town board had a right to authorize the amendment of the return. In the view we take of this case it will not be necessary to consider the merits of this contention; for if it be conceded that appellant's position is correct, we regard the amended report as fatally defective, and if it had been allowed to be filed it would have been insufficient to authorize a judgment of confirmation.

Appellant contends that although signed by two of the commissioners after the death of the third one, it purports

to be, and is, a report of the proceedings and estimate of the three commissioners. We do not so interpret the report. It is true, the amended report recites that the ordinance appointing the commissioners made it their duty to take into consideration the first and second assessments in making their estimates; that all of the commissioners did examine the subject and did estimate the additional amount of moneys necessary to be raised. Up to this point in the report there is no statement of any conclusion arrived at or the amount of money the commissioners estimated would be required. The remainder of the report follows the statement, "we estimate the additional amount of moneys necessary to be realized * * * at $19,329.73." This is not a report that the three commissioners "did estimate the additional amount," but a statement by two of the commissioners that they do estimate the amount, etc. There is no statement in the amended report that the three commissioners, acting together, estimated the amount of money required at $19,329.73, after taking into consideration the first and second assessments. The material question, then, is in no better shape than it was by the original report of the commissioners. If, as contended by counsel for appellant, two of the commissioners may report for all three of them,—which we do not now determine,—the report would be required to show that in making the examination, arriving at a conclusion and making the estimate reported, the third commissioner acted with the two signing the report. *Adcock* v. *City of Chicago,* 160 Ill. 611; *McChesney* v. *People,* 148 id. 221; *Hinckle* v. *City of Mattoon,* 170 id. 316.

In our opinion the county court did not err in refusing to allow the amended report to be filed and in sustaining appellees' thirty-eighth objection. It is unnecessary, therefore, to discuss the other objections filed.

The judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.