BOARD OF COMMISSIONERS OF STREET IMPROVEMENT
DISTRICT No. 349 *v.* LITTLE ROCK.

Opinion delivered January 10, 1927.

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—ASSESSMENT OF BENEFITS.—By requiring three assessors to assess benefits from a street improvement, joint action on the part of the three assessors was contemplated, and an assessment was valid only when all three appointees took part in making it.

2. MUNICIPAL CORPORATIONS—INJUNCTION—ACTION OF COUNCIL ON ASSESSMENT.—Where plaintiff seeks a mandatory injunction to compel the city council to confirm an assessment of benefits made by assessors appointed by the council, plaintiff must show that a valid assessment was made.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Melbourne M. Martin,* for appellant.

*Lasker S. Ehrman* and *Pat. L. Robinson,* for appellee.

MEHAFFY, J.   The appellant filed its complaint in the Pulaski Chancery Court, alleging that, on August 29, 1925, there was filed with the city council of the city of Little Rock a petition praying that certain property in the city of Little Rock, Arkansas, be organized and annexed to Street Improvement District No. 349 for the extension of the improvement of said district within the territory proposed to be annexed.   That the city council, in compliance with the statute, passed a resolution and published notice of the date for hearing said petition, to determine whether the same contained signatures sufficient to constitute a majority of the assessed valuation within the proposed territory to be annexed.   That the council refused to establish said annexation, and that a suit was filed by a property owner in the Pulaski Chancery Court seeking a review of the action of the defendants, and that the chancery court entered a decree for said plaintiff.   The decree, among other things, ordered the city council to proceed with the organization of the district by adopting a resolution and passing the ordinance filed with the said city council, and to pass such ordinances and to take such steps as are necessary to legally organize said territory.   That an appeal was taken from the chancery court to this court, and that the decree was affirmed by this court on May 21, 1926.

That thereafter J. A. Brooks, J. B. Goodwin and J. S. Laird were appointed assessors, and took their oaths of office and qualified as assessors, and proceeded with the making of assessments of benefits.   It is alleged that said assessment was duly made and lodged with the city clerk of the city of Little Rock, and remained for a period of ten days, in compliance with the statute.   It is further alleged that, after the expiration of ten days, but during the period of time that the same was held by the city clerk, a number of protests were filed and appeals taken, and,

upon a hearing by the city council, the council referred the protests and appeals to the finance committee with directions to hear said protest and report its action to the council. That the finance committee neglectfully and wantonly failed and refused to make disposition until threatened with citation; that members of said finance committee persuaded two of the board of assessors to resign, and that, when the finance committee reported on October 11, 1926, they reported that they found from the evidence that there was no proper and legal assessment made, and recommended that an assessment be made. It was further alleged that the action of the finance committee and city council nullified the assessment and prayed that the action of the city council be reviewed, that the assessments be confirmed, and a mandatory injunction be issued.

Other parties were made parties defendant on their motion. Defendants filed an answer, denying the allegations of the petition, except they admitted that the protests and appeals were referred to the finance committee, but denied that the members of the finance committee neglectfully and wantonly failed to make disposition of said appeals; denied that they persuaded members of the board of assessors to resign; admitted that they reported to the council that they found, from testimony adduced on numerous hearings, that the assessment was not proper and legal. They denied that the assessments were valid, and denied that they nullified the assessments. Defendants alleged in their answer that, within ten days after assessments were filed, a number of protests were lodged with the city clerk and notice given that appeals were being taken. These matters were then referred to the finance committee. Defendants further stated that plaintiff had a remedy at law, and that the chancery court was without jurisdiction.

The only issue necessary to be determined here is whether the chancery court erred in refusing to issue an order requiring the defendants to proceed with the pas-

sage of an ordinance levying assessments as made by the board of assessors. The city clerk was called and introduced the ordinance, but about the validity of the ordinance there is no controversy. The assessment was introduced, together with the certificate from the three assessors; also the notice of filing the assessment, and proof of publication. The city clerk testified that there were a number of protests filed against the assessment of benefits and that they were referred to the finance committee on August 9, 1926. The certificate of the assessors is dated July 23, 1926. The finance committee reported back on October 11, 1926.

J. B. Goodwin, one of the assessors, testified that he had nothing to do with the assessment or with the making of the assessment; that Mr. Martin brought it to his house, and he signed it; that that was the only thing he had to do with it; that he never went over the district for the purpose of making the assessment, and that he would not know how to figure the benefits; that he met Mr. Brooks, another assessor, one time in Mr. Martin's office, but that they had nothing to do about the assessment, and he did not remember meeting the other assessor. That the only thing he knew about the basis upon which the assessments were made was that Mr. Martin told him how the figures were got. The only thing he knew about it was what Mr. Martin told him. "I signed the assessment, but I was told that that was the way it was done, and I stated at the time that I was signing something I did not have anything to do with."

J. S. Brooks, another assessor, testified that he did not attempt to act as assessor at any time or at any place, and that he did not arrive at the amount of benefits, never made a figure of any kind in making the assessments. "I know nothing about the basis upon which the assessment was made. I signed because I just took Mr. Martin's word. I did not know anything about the land values or anything like that. I signed the statement to the mayor and city council, but I told Mr. Martin that I

would sign it upon his word that everything was all right. I do not know who prepared the statement.''

J. S. Laird, the other assessor, testified that he did not meet with the other two assessors; never met with them and discussed the assessment; that he went over the property twice; that he was called once to meet with the other assessors, but it was impossible for him to meet them at the time; that the other two assessors had already signed the assessment roll before he did; that he made a comparative valuation on the assessment roll, with the location of the lots and their relationship to each other, to determine if it was a just and uniform assessment; that, in his opinion, it was just and uniform. That if it had not been he would not have signed it. That one of the assessors, Mr. Goodwin, tried to get him to resign.

It seems perfectly clear that at least two of the assessors had nothing to do with making the assessment. This court has several times held that a collateral attack cannot be made upon the assessment of benefits unless void on the face of the proceedings. But that is a very different matter from the district itself invoking the jurisdiction of the court to compel action on an assessment claimed to be void. Without deciding whether the chancery court would have jurisdiction to make the order prayed for, we think that, when the plaintiff seeks a mandatory injunction compelling the city council to act on an assessment, he would have to show that there was an assessment made, and it appears from the evidence in this case that the assessment was made by one assessor only, and not by three. It is unnecessary to decide in this case whether they would have to meet as a board and make the assessment, because we have here no assessment made at all except by one assessor. The statute requires the appointment of three electors of the city or town, and says they shall constitute a board of assessment of the benefits. It requires each of them to take the oath of office before entering upon the discharge of his duties, and then provides that they shall at once

proceed to inscribe in a book the description of the property and shall assess the value to accrue to each of said lots, that is, the board of assessors shall assess the value, not one, but all of them. The law also provides for an appeal by a property owner and for a hearing on appeal by the council, and this law was followed by property owners and by the city council. By requiring three assessors, the law evidently intends that the assessment shall be made by the three. It contemplates the joint action on the part of the three assessors appointed, and all three assessors must take part in the assessment; and, while it might not require the unanimous agreement of the three, we think it would require joint action on the part of the three. Page & Jones, Taxation by Assessment, § 901; *Cicero* v. *Andren,* 224 Ill. 617, 79 N. E. 962; *Larsen* v. *Chicago,* 192 Ill. 298, 50 N. E. 179; *Hinkle* v. *Mattoon,* 170 Ill. 316, 48 N. E. 908.

In this case it appears from the evidence that there was not only no joint action but that two of the members of the board of assessors actually took no part at all and made no effort to assess, and the assessment made was therefore void.

The decree of the chancery court is affirmed.