JAMES LEDFORD ET AL.

v.

HERMAN G. WEBER, use, etc.

1. REPLEVIN—SUIT ON BOND—DEFENSES.—In a suit upon a replevin bond for failure to return property, where the defendants claim title by pur-chase under an execution sale, it is necessary, in order to support such title, for them to prove a valid judgment and an execution issued thereon.

2. VOID JUDGMENT—FAILURE TO SERVE SUMMONS IN TIME.—A sum-mons issued by a justice must be served at least three days before the trial; and where the return of the constable showed a service only two days before the trial, the justice had no jurisdiction, and the judgment was absolutely void.

3. AMENDING RETURN ON SUMMONS.—In a collateral issue in the Circuit Court, as upon replevin of goods levied upon, it is error to allow an amend-ment of the return upon the summons in the original suit before the justice upon which judgment had been rendered. The Circuit Court has no authority to amend a return upon process issued from another and different tribunal, in a suit between other parties, which has been finally disposed of.

4. EVIDENCE—HUSBAND AND WIFE.—A husband is a competent witness in behalf of the administrator of his deceased wife in proceedings relating to her separate property.

5. EVIDENCE OF FRAUD.—Evidence that a conveyance of land, and the execution of a certain chattel mortgage, were made for the sole purpose of hindering and delaying creditors, if otherwise competent, is admissible.

6. NOTICE OF TRIAL OF RIGHT OF PROPERTY—WAIVER OF IRREGULARI-TIES IN SERVICE.—A notice by a claimant, of trial of the right of property, where no trial is had, is not an admission of the validity of the judgment, and antecedent proceedings, in another or subsequent suit.

7. ESTOPPEL.—The fact that the plaintiff in this action has received the proceeds arising from a constable's sale of the goods replevied, does not estop

him from recovering damages for a failure to return the property; but the amount so received should be deducted from the judgment for the value of he property recovered in this action.

APPEAL from the Circuit Court of St. Clair county; the Hon. F. H. PEIPER, Judge, presiding. Opinion filed August 13, 1880.

Messrs. NOETLING & HALBERT and Mr. THOMAS QUICK, for appellants; that the conveyance was fraudulent as to creditors, cited Rev. Stat. Chap. 59, § 4; 86 Ill. 74; 12 Ill. 387.

This was not a judicial sale: England v. Clark, 4 Scam. 486; Rorer on Judicial Sales, Chap. 1.

Instructions which assume facts as proven are erroneous; Durham v. Goodwin, 54 Ill. 469; Collins v. Waters, 54 Ill. 485.

Notice of trial of right of property is an admission of regularity in the antecedent proceedings: Dexter v. Parkins, 22 Ill. 143; Thompson v. Wilhite, 81 Ill. 356.

Evidence to show that the conveyances were made to defraud creditors, was competent: Boies v. Henney, 32 Ill. 130; Phelps v. Curts, 80 Ill. 109; Hampton v. Obright, 49 Ill. 150; Hackett v. Bailey, 86 Ill. 76.

The husband of deceased was not a competent witness: Rev. Stat. Chap. 51, § 5.

The court should have allowed the return on the summons to be amended: Kinney v. Knoebel, 47 Ill. 417; Brown v. Brown, 59 Ill. 315; Owens v. Ranstead, 22 Ill. 161; Hickey v. Stone, 60 Ill. 458; Howell v. Albany Ins. Co. 62 Ill. 50; Terry v. Trustees, 70 Ill. 236.

The sheriff being a party to the suit, could not act officially in service of venire and taking charge of the jury: Rev. Stat. 1877, 280; Woods v. Gilson, 17 Ill. 218; Reed v. Moffat, 62 Ill. 300; Cook v. Chicago, 57 Ill. 268.

Mr. W. C. KUEFFNER and Mr. W. S. UNDERWOOD, for appellee; that proof of a judgment to support the execution under which defendants claimed was necessary, cited Pickett v. Hart-

Ledford v. Weber.

sock, 15 Ill. 279; Johnson v. Adleman, 35 Ill. 265; Kinney v. Knoebel, 47 Ill. 417.

The burden was upon plaintiff to prove his title: Stevison v. Earnest, 80 Ill. 513.

The husband of deceased was a competent witness: Rev. Stat. Chap. 57, § 5.

Where service is by summons, parol evidence cannot be received to aid it: Harris v. Lester, 80 Ill. 307; Botsford v. O'Connor, 57 Ill. 72.

A record can be amended only by the court to which the the record belongs: Bergen v. Riggs, 40 Ill. 61; Ballance v. Leonard, 40 Ill. 72; Wilder v. House, 40 Ill. 92.

After a case has been finally disposed of, notice of an amendment is necessary: Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614.

Service of summons, should be made at least three days before the trial: Rev. Stat. Chap. 79, § 17; Johnson v. Baker, 38 Ill. 99.

Where the bill of exceptions does not purport to contain all the instructions, error cannot be assigned for refusal to give a particular instruction: England v. Selbey, 12 Chicago Legal News, 185.

A stranger cannot take advantage of an estoppel: Massure v. Noble, 11 Ill. 531; 7 Bac. Abr. 620.

Generally as to what constitutes an estoppel:   Davidson v. Young, 38 Ill. 146; Cook v. Hunt, 24 Ill. 535; Mills v. Graves, 38 Ill. 455; Flower v. Elwood, 66 Ill. 438; Smith v. Newton, 38 Ill. 230; The People v. Brown, 67 Ill. 344; Chandler v. White, 84 Ill. 435; Ball v. Hooten, 85 Ill. 161; Hefner v. Vandolah, 57 Ill. 520; Thomas v. Bowman, 29 Ill. 426.

In the absence of fraud, the maxim *caveat emptor* applies in all judicial sales:   Holmes v. Shaver, 78 Ill. 578; Roberts v. Hughes, 81 Ill. 130; Bishop v. O'Conner, 69 Ill. 434; Bassett v. Lockard, 60 Ill. 164; McManus v. Keith, 49 Ill. 388.

On a motion for new trial on the ground of newly discovered evidence, it must appear that such evidence is material, and that due diligence to discover it had been exercised: Schlencker v. Risley, 3 Scam. 483: Crozier v. Cooper, 14 Ill.

139; Stetham v. Shoultz, 17 Ill. 99; Calhoun v. O'Neal, 53 Ill. 354; Laflin v. Herrington, 17 Ill. 403; Ritchy v. West, 23 Ill. 385; Cowan v. Smith, 35 Ill. 416; Bowen v. Rutherford, 60 Ill. 41.

Objection that the officer in charge of the jury was not sworn should be made at the time: Knouff v. The People, 6 Bradwell, 154.

Objections to the manner of drawing or impaneling the jury must be taken at the trial, if known: Commonwealth v. Sessions of Norfolk, 5 Mass. 435; Calder v. Haynes, 7 Allen, 385; Jameson v. Androscoggin, 52 Me. 412; Fowler v. Middlesex, 6 Allen, 92; The People v. Coffman, 24 Cal. 230.

An objection will be regarded as waived when the party has an opportunity to except, and does not avail himself of it: Peebles v. Rand, 43 N. H. 337; Lewis v. Bank of Kentucky, 12 Ohio, 132.

BAKER, J. This was debt upon a replevin bond, prosecuted by appellee for the use of Fietsam, administrator of Margaretha Albert, deceased, against appellants. Fifty acres of wheat in shocks had been replevied by Ledford and Deppe, two of the appellants, and as the merits of the case had not been tried in the replevin suit, appellants claimed said Ledford and Deppe were the owners of the wheat, and entitled to its possession. A judgment in favor of appellee for $600 debt, and for $360 damages, was the result of a jury trial. Appellants asserted the property had belonged to one Jacob Albert, husband of said Margaretha, and was levied on and sold under an execution against him, and purchased by said Ledford and Deppe. It devolved on them, in order to support such title, to show a valid judgment and an execution issued thereon. The evidence showed a judgment by default, before a justice of the peace, on the 17th day of November, 1877, against said Jacob, for $108.76, and costs; and it also appeared by the return of the constable the summons was served on the 15th day of November, 1877. The statute requires that a summons issued by a justice shall be served at least three days before the trial; and when it appears a trial was had upon a shorter notice than that,

unless there was an appearance by the defendant, the justice will have failed to acquire jurisdiction of his person, and any judgment rendered against him will be absolutely void, and may be questioned in any other proceeding, direct or collateral. R. S. 1874, Ch. 79, § 17; Johnson v. Baker, 38 Ill. 99. Herein the title of appellants failed.

It was not error in the county court to refuse the motion of appellants to give leave to constable Muench to amend his return upon the summons issued by the justice of the peace in the suit in which the judgment was entered against Jacob Albert. After an officer has made his indorsement upon a writ and returned it to the office out of which it issued, and it has become a part of the files and record of the court, he should only change his indorsements upon the writ by permission of the court. Nelson v. Cook, 19 Ill. 441. The fourth section of the statute of Amendments and Jeofails provides that all returns by any sheriff or other officer to any court may be amended in matter of form, or according to the truth of the matter, by the court to which such returns shall be made, in its discretion, as well before as after judgment. We know of no authority vested in the county court to authorize an amendment to the return of an officer made upon a writ issued out of and returned to another and different tribunal, in a suit between other parties, which has been finally disposed of in the latter tribunal. Nor do we think it was error in the court to refuse to admit in this collateral proceeding oral testimony to change and contradict the return of the officer as it appeared indorsed upon the summons. The court properly overruled the objection made to the competency of Jacob Albert to testify in behalf of the administrator of his deceased wife. The litigation was concerning the separate property of the wife, and the surviving husband was a competent witness. R. S. Ch. 51, § 5; Funk v. Eggleston, 92 Ill. 531.

Appellants offered to prove by one Frederick Slipper that the sole object of the conveyance of the tract of land on which the wheat was grown, from Jacob Albert to him, and from him to Margaretha Albert, was to delay and hinder creditors

of said Jacob Albert, including the plaintiff in the execution upon which the sale was made.   They also offered to prove by Amelia Albert that a certain chattel mortgage given by Jacob Albert to her husband was made with the same sole object.

The court sustained objections to this evidence and refused to allow the witnesses to testify.   If the witnesses knew as a matter of fact, the object of these several deeds, we see no good reason why they might not testify in relation thereto.

The evidence shows that the execution against Jacob Albert was levied on the wheat, and that Margaretha gave the constable notice to try the right of property, and it is urged that thereby she acknowledged the regularity of the proceedings before the justice, and admitted the validity of the judgment. We do not regard Dexter v. Parkins, 22 Ill. 146 and Thompson v. Wilhite, 81 Ib. 356, as applicable to the case at bar. The notice given by Mrs. Albert was disregarded by the officer, and no trial of the right of property was had.   Had there been such trial, then the notice, for the purposes of the trial, would have admitted the validity of the execution and antecedent proceedings against the defendant in the execution.   But we do not understand such notice admits the validity of the judgment in any other or subsequent suits or proceedings.   It appears the wheat was sold on the execution, and after satisfying it, there was a surplus of $33.80, which was paid over by the constable to the justice.   This surplus the justice afterwards paid to Fietsam, the administrator of Margaretha Albert.

We do not consider the plaintiff is estopped by the receipt and retention of this money from recovering damages for a failure to return the property, on the theory it was a ratification of the constable's sale.   The uncontradicted testimony of the administrator is that he had no knowledge from what source this $33.80 came.   However, it is evident that in any event this amount should be deducted from the value of the wheat.   The administrator could not retain this surplus for which the wheat sold, and at the same time recover the full value of the wheat.   The court instructed the jury that if they found the plaintiff was entitled to recover, then they

should assess by way of damages the full value of the property replevied.  This was error.

The judgment is reversed and the cause remanded.

Reversed and remanded.