# John T. Major et al.

## v.

# The People of the State of Illinois for use, etc.

*Principal and Surety—Constable—Bond—Action on.*

1.   A constable's return upon an attachment writ can not be altered by a contract subsequently entered into by him.

2.   In proper cases and upon the granting of leave, an officer may change a return by altering a misstatement, or supply an omission to make it conform to the truth.

3.   Such return, as against the officer who made it, is conclusive so long as it remains unvacated.

4.   In a proceeding where the return is a collateral matter, no evidence will be received to impeach it, whether offered by the officer himself or any party to the case in which it was made.

5.   In an action against a constable and the sureties upon his bond, for the failure of said officer to return certain moneys levied on by him, the plaintiff in an attachment suit failing to prosecute upon appeal by the defendant from a justice's judgment against him, this court holds that the defense of said officer that said moneys were not levied on, but were simply in his hands as a stake, can not stand, and refuses to interfere with the judgment for the plaintiff.

[Opinion filed March 13, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. B. M. Shaffner, for appellants.

Mr. Josiah Burnham, for appellees.

Moran, P. J.   Appellant Major, who was a constable, had an attachment writ issued by a justice of the peace in a suit by one Bronson against the usee, Butler.   He was about to levy said writ on a certain race horse belonging to Butler, but said Butler turned over to him $98 in money, and thereupon said Major made return on the said writ of attachment as follows:

" Executed the within writ by attaching the following goods and chattels, to wit: ninety-eight dollars in money, and by reading said writ to within defendant, P. H. Butler, the second day of August, 1886.   Service and mileage $2.00.

"J. T. MAJOR, Constable."

A judgment was rendered in favor of the plaintiff in said attachment by the justice, from which said judgment said Butler immediately took an appeal to the Superior Court by filing an appeal bond with the justice.   When the case was reached in the Superior Court, the suit was dismissed for want of prosecution.   Butler then demanded from said constable, Major, the $98 on which said attachment writ had been levied, but said Major failed and refused to return the same.   Thereupon the action was brought against said Major and his co-appellants who were sureties on his bond.

On the trial, which was by the court without a jury, judgment was rendered in $5,000 debt, and for $98 damages, and from said judgment this appeal is prosecuted.   The defense is based upon a contention that the $98 was not in fact levied upon by the constable, but that it was placed in his hands as a sort of stake, to be held by him, and paid over to Bronson or to Butler as the one or the other should be victor in the trial before the justice.   And in support of this contention the following statement or memorandum was introduced:

"CHICAGO, August 5, 1886.

" P. H. Butler has this day placed in my hands as a bond the sum of ninety-eight dollars, in attachment suit, in case of Bronson v. Butler, before Justice Brayton.   If such suit is decided against said Bronson, then I am to return said money to said Butler, and if said case is decided in favor of said Bronson, then I am to give said ninety-eight dollars to said Bronson.

"J. T. MAJOR."

The constable's return on the writ is under date of August 2, 1886.   The return was an official act, and it was not in the power of the constable to alter it, in fact or in legal effect, by a contract subsequently made.   When an officer returns a writ, he has no further power over it, and can in no manner

Major v. The People.     .

change his return, unless in a proper case and by proper leave he alters a misstatement or supplies an omission in the return to make it conform to the truth.    But it is the facts as they really were, at the time of the return, that he will be permitted to state by way of alteration or correction of the return.  Circumstances taking place after the return could have no effect to change and would not be allowed to alter it. So that if leave had been given to the constable to alter his return, he could not alter it to conform with facts that did not occur till three days after it was made.    The receipt or memorandum is dated August 5th and acknowledged the receipt of the money on that day, and there is no evidence that the fact is not truly recited and the date correct.

But there was no attempt to alter or reform the return on the attachment writ in this case, and the same therefore stands and is conclusive against the constable, and he will not be permitted to contradict the same by any evidence whatever.

" As against the officer who made it, a return as long as it remains unvacated is conclusive.  He will not be permitted to contradict it nor to . show its falsity in any material respect."    Freeman on Executions, Sec. 366.

In a proceeding where the return is a collateral matter, no evidence will be received to impeach it, whether offered by the officer himself or any party to the case in which it was made.    Gwynne on Sheriffs, 475.

It is then conclusively shown that the appellant, Major, levied upon the $98 as he might legally do under Sec. 41, Chap. 77, R. S.    It was his duty to retain the money until the attachment suit was finally determined.    If he paid it to the plaintiff in the attachment after the trial before the justice, he did so at his peril, as he was bound to know that the defendant in that case had the right of appeal within the time allowed by the statute.    The attachment suit having been dismissed, Major was bound to return the money levied on by him.    Therefore the judgment is correct and must be affirmed.

*Judgment affirmed.*