JOHN W. MOORE *et al.*

*v.*

THE CITY OF MATTOON.

*Filed at Springfield November 23, 1896.*

1. SPECIAL ASSESSMENT—*proper report of commissioners in, necessary to court's jurisdiction.* A proper report of commissioners appointed by a city council, as required by statute, (Rev. Stat. 1874, art. 9, sec. 20,) is a prerequisite to a valid judgment of confirmation of a special assessment.

2. SAME—*when report of commissioners is not sufficient.* A report by two, only, of the three special assessment commissioners appointed by the city council is not sufficient to support a judgment of confirmation of a special assessment, it nowhere appearing that the third commissioner took any part in the proceedings. ·

WRIT OF ERROR to the County Court of Coles county; the Hon. L. C. HENLEY, Judge, presiding.

D. T. McINTYRE, for plaintiffs in error:

Where three commissioners are appointed they must act jointly, and two of such commissioners cannot discharge the duties enjoined upon the three. *McChesney* v. *People,* 148 Ill. 221; *Boynton* v. *People,* 155 id. 66; *Babcock* v. *Lamb,* 1 Cow. 239; *Geter* v. *Commissioners,* 1 Bay, 354; *People*

v. *Batchelor*, 22 N. Y. 130; *Commissioners* v. *Landsing*, 45 id. 19; *Schuyler* v. *Marsh*, 27 Barb. 354; *Downing* v. *Rugar*, 21 Wend. 178.

F. N. HENLEY, City Attorney, JAMES W. CRAIG, and EDWARD C. CRAIG, for defendant in error:

The county court is a court of limited though not of inferior jurisdiction, and where it acts within the limits of its jurisdiction the usual presumption is made in support of its action. *Propst* v. *Meadows*, 13 Ill. 157; *Von Kettler* v. *Johnson*, 57 id. 100; *Housh* v. *People*, 66 id. 178; *Matthews* v. *Hoff*, 113 id. 90; *Barnett* v. *Wolf*, 70 id. 76; *Moffit* v. *Moffit*, 69 id. 641; *People* v. *Gray*, 72 id. 142; *Bostwick* v. *Skinner*, 80 id. 147; *People* v. *Cole*, 84 id. 327.

Where three persons are appointed ·to do an act or given authority and power in matters of public concern, two can act. Hurd's Stat. chap. 131, sec. 1; *Doughty* v. *Hope*, 3 Denio, 598; Coke on Littleton, 181; *Jefferson County* v. *Slagle*, 66 Pa. St. 202; *Walker* v. *Rogers*, 1 Wis. 597; *Louk* v. *Woods*, 15 Ill. 256; *Dennis* v. *Maynard*, id. 478; *Trustees* v. *Allen*, 21 id. 124; *Highway Comrs.* v. *Baumgarten*, 41 id. 254; *Schofield* v. *Watkins*, 22 id. 66; *Austin* v. *Helm*, 65 N. C. 560.

Mr. JUSTICE BAKER delivered the opinion of the court:

The city of. Mattoon ordered the improvement of Charleston street, in said city, between the east line of West First street and the west line of East Ninth street, by grading, curbing, tiling and paving, the same to be paid for by special assessment. Proceedings were had in the county court of Coles county, upon application of the city, wherein a default was taken against the plaintiffs in error and judgment rendered confirming the assessment roll. The cause is brought here by writ of error.

Among other objections raised against the validity of the judgment are these: that the ordinance upon which it is based is uncertain and insufficient, and that the report of the commissioners appointed by the council is

not a compliance with the requirements of the statute. If either of these objections is well made, the judgment of confirmation must be reversed, for the foundation of a valid judgment is a valid ordinance and valid report.

The objection made to the report of the commissioners appointed by the city council to estimate the cost of the proposed improvement is, that said report was made and signed by two, only, of the three commissioners. The statute requires that the petition filed in the county court shall recite the report of the said commissioners, thereby making a proper report a prerequisite to a valid judgment of confirmation. Here, J. A. McFall, L. L. Lehman and William R. Mitchell were appointed commissioners, and the report annexed to the petition was signed by but two of them,—McFall and Lehman. It nowhere appears that the third commissioner, Mitchell, met or acted with those who made the report or took any part in the proceeding. The report is consequently insufficient. The statute contemplates that the commissioners shall act jointly. Action by two, only, of them cannot be sustained. *Adcock* v. *City of Chicago,* 160 Ill. 611; *McChesney* v. *People ex rel.* 148 id. 221; *Boynton* v. *People ex rel.* 155 id. 66.

The objection made to the validity of the ordinance is, that it does not indicate the nature, character, locality and description of the proposed improvement. In respect to one or more of the matters to which our attention is called the ordinance cannot be regarded as a model of perspicuity, but a majority of the court are of opinion that when all of its various provisions are taken into consideration there is not such a failure to specify the nature, character, locality and description of the improvement as to invalidate such ordinance.

For the error indicated herein the judgment of confirmation, as to the property of plaintiffs in error, is reversed.                    *Judgment reversed.*