Benson C. Hinkle *et al.*

*v.*

The City of Mattoon.

*Opinion filed December 22, 1897.*

1. AMENDMENTS—*affidavit of mailing notices of application for confirmation of assessment may be amended after judgment.* An affidavit of the mailing of notices of application for confirmation of a special assessment may be amended upon notice to parties interested, at any time after judgment, so as to show the truth of what was really done in the way of service, where the *bona fide* rights of third persons have not intervened.

2. SAME—*when report of assessment commissioners cannot be amended.* A report of special assessment commissioners appointed to estimate the cost of the improvement, which is signed by only two of the three commissioners, cannot be amended after judgment, at a subsequent term, upon the evidence of a member of the city council that all the commissioners were present and agreed on the estimate and report.

3. ESTOPPEL—*parties filing objections to confirmation estopped to raise objections not included.* Parties filing objections to the confirmation of a special assessment are estopped to afterward raise new and different objections on appeal from the judgment of confirmation.

4. SPECIAL ASSESSMENTS—*report of assessment commissioners must be signed.* The requirement of the statute that commissioners appointed to estimate the cost of an improvement shall report their action in writing to the city council, implies that it must be signed by the persons making it, and a report not signed or authenticated in any way by the signatures of the commissioners is not a compliance with the statute.

5. SAME—*all commissioners being present and consulting, majority may agree on estimate.* Where all the commissioners appointed to estimate the cost of an improvement are present and consulting, the majority may determine upon the estimate to be reported, and their report, being evidence of their action, should show the presence of all commissioners, and whether their action was unanimous or otherwise.

6. SAME—*it is a valid objection, in a direct proceeding, that report of commissioners was signed by two only.* It is a valid objection, in a direct proceeding to review a judgment confirming a special assessment, that the report of the commissioners appointed to estimate the cost was signed by two commissioners only, and did not show that the third was present and consulting.

WRIT OF ERROR to the County Court of Coles county; the Hon. L. C. HENLEY, Judge, presiding.

D. T. McINTYRE, for plaintiffs in error.

JAMES W. & EDWARD C. CRAIG, (F. N. HENLEY, City Attorney, of counsel,) for defendant in error:

Where the report of the committee appointed by the city council to estimate the cost of the improvement is signed by but two of the members of the committee, and it appears by the record that the third member of the committee acted with those who signed the report, this is sufficient. *Adcock* v. *Chicago,* 160 Ill. 611; *Louk* v. *Woods,* 15 id. 256; *Moore* v. *Mattoon,* 163 id. 622.

The affidavit of the commissioners appointed to assess the property benefited by the improvement, setting forth the method and manner in which the notices were given to the persons entitled to notice, is a "return" to process, and amendable, as such, before as well as after judgment. Starr & Curtis' Stat. chap. 7, sec. 4; *Brown* v. *Joliet,* 22 Ill. 123; *Einstein* v. *Joliet,* id. 126; *Chicago* v. *Walker,* 24 id. 493; *Brown* v. *Robertson,* 123 id. 631.

The finding of the court that notices had been sent to the owners of premises assessed, as required by law, is conclusive. *Falch* v. *People,* 99 Ill. 140; *Turner* v. *Jenkins,* 79 id. 231; *Atkinson* v. *Steel Co.* 138 id. 192; *Morgan* v. *Corlies,* 81 id. 75; *Walker* v. *Abt,* 83 id. 231.

The county court is a court of limited but not of inferior jurisdiction. When it acts within the limits of its jurisdiction the usual presumptions are made in support of its action. *Propst* v. *Meadows,* 13 Ill. 157; *Von Kettler* v. *Johnson,* 57 id. 100; *Housh* v. *People,* 66 id. 178; *Matthews* v. *Hoff,* 113 Ill. 90; *Barnett* v. *Wolfe,* 70 id. 641.

Where jurisdiction is assumed by a court possessing general jurisdiction, it will be presumed that all facts necessary to vest jurisdiction existed. The record itself

is *prima facie* evidence of jurisdiction, and will be presumed conclusive on appeal, unless explicitly disproved. 2 Ency. of Pl. & Pr. 448; *Striker* v. *Kubusk*, 43 Ill. App. 159; *Scott* v. *White*, 71 Ill. 287; *Hannas* v. *Hannas*, 110 id. 62; *Rentz* v. *People*, 77 id. 518; *Propst* v. *Meadows*, 13 id. 157; *Morgan* v. *Corlies*, 81 id. 72; *Kenney* v. *Greer*, 13 id. 432; *Wells* v. *Mason*, 4 Scam. 84; *Diblee* v. *Davidson*, 25 Ill.486; *Perry* v. *People*, 155 id. 307.

Irregularities in assessment proceedings, unless objected to on the day fixed for hearing, cannot be raised in the Supreme Court. Rev. Stat. chap. 24, sec. 144; *Stone Co.* v. *Kankakee*, 128 Ill. 175; *Hunerberg* v. *Hyde Park*, 130 id. 156; *Kedzie* v. *Park Comrs.* 114 id. 280; *Gage* v. *Parker*, 103 id. 528; *Andrews* v. *People*, 109 id. 504; *Young* v. *People*, 155 id. 247; *Murphy* v. *Paris*, 119 id. 509; *Burkett* v. *Bond*, 12 id. 87; *Buckmaster* v. *Coal*, id. 74; *Sedgwick* v. *Phillips*, 22 id.183; *Peck* v. *Bogges*, 1 Scam. 281; *Schlencker* v. *Risby*, 3 id. 483.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A special assessment upon the lots and property of plaintiffs in error for the grading, curbing and paving with brick of West First street, in the city of Mattoon, was confirmed by the county court, and the cause has been brought here by writ of error.

The judgment of the county court is questioned on the ground that the ordinance for the improvement does not specify the nature, character and description of such improvement. It is not claimed that the locality of the improvement is not sufficiently set forth, and in other respects the ordinance is a duplicate of the one considered in *Moore* v. *City of Mattoon*, 163 Ill. 622, where, although the ordinance was not commended as a model, it was thought that it was not invalid. That objection must therefore be overruled.

It is also assigned for error that the record fails to show that the notice required by statute was mailed to

the land owners ten days before the March term, 1893, at which the judgment of confirmation was entered. I. W. Tremble, J. W. Moore, Cora Moore, George Gilliland, Thomas Holbrook and the Illinois Central Railroad Company, a part of the plaintiffs in error, appeared in the county court and filed objections to the confirmation of the assessment, and hence the court acquired jurisdiction of their persons by their appearance. As to the others who have a right to raise the question, it appears that the affidavit of mailing the notices as originally filed did not state the date of mailing. Afterward, on due notice to plaintiffs in error, an application was made to the court for leave to amend in that particular, and the court, upon sufficient proof, allowed an amendment according to the fact. This was at a term subsequent to that at which the original judgment was entered, and it is insisted that the court had no power to permit the amendment. The mailing of notice is the process provided by the statute as to owners whose names and places of residence are known, and the affidavit is evidence of compliance with the statute in that regard. It may be amended at any time after judgment so as to show the truth as to what was really done in the way of service, upon due notice to parties interested, where the rights of third parties, acquired in good faith, have not intervened. *Dunn* v. *Rogers,* 43 Ill. 260; *Barlow* v. *Standford,* 82 id. 298; *Spellmyer* v. *Gaff,* 112 id. 29; *County of LaSalle* v. *Milligan,* 143 id. 321; *Tewalt* v. *Irwin,* 164 id. 592; Rev. Stat. chap. 7, sec. 2.

There is another error assigned which must be sustained as to those plaintiffs in error who are entitled to assign it, which is, that only two of the persons appointed to estimate the cost of the improvement acted in making such estimate and reporting the same to the city council. (*Adcock* v. *City of Chicago,* 160 Ill. 611; *Moore* v. *City of Mattoon, supra.*) As before stated, part of the plaintiffs in error appeared in the county court and filed objections,

but this objection was not among them, and having filed specific objections they are estopped by the judgment from now urging new and different ones. When they filed objections they were bound to include all that they had or intended to raise. (*Neff* v. *Smyth,* 111 Ill. 100; *Karnes* v. *People,* 73 id. 274; *Dickey* v. *City of Chicago,* 164 id. 37.) There was an attempt to rectify the error as to those plaintiffs in error who might still raise the question, by an amendment of the record in the county court at a subsequent term of that court. This was done upon the testimony of a member of the city council, who was one of the committee, that the entire committee was present and agreed on the estimate and report. There was no claim or evidence that the report was made in writing by the three members of the committee. It was signed by only two of them, and was correctly set out in the original petition.

It was the rule at common law, that "where a number of persons were entrusted with powers, not of mere private confidence but in some respects of a general nature, and all of them are regularly assembled, the majority will conclude the minority and their act will be the act of the whole." (*Grindley* v. *Barker,* 1 Bos. & Pull. 236.) Under this rule, where three viewers were appointed by the county court in a proceeding establishing a highway, it was held that where all were present and consulting the majority might decide. (*Louk* v. *Woods,* 15 Ill. 256.) The ninth clause of section 1, chapter 131, of the Revised Statutes, provides: "Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or persons." In the case of public officers who constitute a corporation the rule goes further, and all need not be present if there is a quorum or majority for the transaction of business. (*Dennis* v. *Maynard,* 15 Ill. 477; *Trustees of Schools* v. *Allen,* 21 id. 120; *Schofield* v. *Watkins,* 22 id. 66; *Commissioners of Highways* v. *Baumgarten,* 41 id. 254.) A committee appointed to make

an estimate has none of the qualities of such a corpo-
ration, and hence does not come under the latter rule;
but when all are present and consulting, a majority may
determine upon the estimate which shall be reported as
that of the committee.  They are required to report their
action in writing to the city council, and their report
is the evidence of the action taken by them under their
appointment.  It is argued that the report need not be
signed; but we think that the requirement for a report
in writing implies that it must be signed by those mak-
ing it, and that a paper not signed or authenticated in
any way by the signatures of the committee would not
be a compliance with the statute.  As the report is the
evidence of what the committee does, it should show the
presence of all, and if there is a disagreement or a mere
majority report, the fact should be brought to the notice
of the council, according to the usual practice, by the
report, for the action of the council thereon.  It is true
that in some cases, where a report has been signed by
only two of three persons authorized to act, it has been
presumed that the third one was present and consulting;
but we have not applied such a presumption in cases of
this kind, in a direct proceeding to review the judgment.

The attempt in this case was really to amend the rec-
ords and proceedings of the city council and to make a
good petition out of the defective one after the judgment.
If the report was invalid when presented to the city coun-
cil, the county court had no power to hear evidence and
remedy its defects, or those of the petition, at that time.
It was not an attempt to make the record truly state
what was before the court at the time judgment of con-
firmation was entered, but to make a new record in the
case, and this could not be done.  *Ogden* v. *Town of Lake
View*, 121 Ill. 422; *Springer* v. *City of Chicago*, 159 id. 515.

The judgment of the county court will be affirmed as
to the lots and lands of I. W. Tremble, J. W. Moore, Cora
Moore, George Gilliland, Thomas Holbrook and the Illi-

nois Central Railroad Company, and they will pay one-half of the costs in this court. As to the remaining plaintiffs in error the judgment is reversed and the cause remanded, and the defendant in error will pay the remaining half of the costs.

*Judgment affirmed in part.*