| 148 | 221 |
|---|---|
| 155 | 68 |
| 148 | 221 |
| 159 | 269 |
| 160 | 612 |
| 160 | 636 |
| 148 | 221 |
| 163 | 131 |
| 163 | 624 |
| 148 | 221 |
| 166 | 52 |
| 148 | 221 |
| 170 | 361 |
| 171 | 302 |
| 148 | 221 |
| 175 | 270 |
| 175 | 552 |
| 148 | 221 |
| 185 | 302 |
| 148 | 221 |
| f188 | 6164 |
| 148 | 221 |
| e189 | 1120 |
| 148 | 221 |
| e192 | 1587 |
| h192 | 3588 |

## Joseph H. McChesney *et al.*

## *v.*

## The People *ex rel.* Charles Kern, Collector.

*Filed at Ottawa November 29, 1893.*

1. SPECIAL ASSESSMENTS—*joint action of the commissioners—giving notice, etc.* The statute requires that the commissioners appointed to make a special assessment shall act jointly in giving notice of application for a confirmation of their assessment, and a notice signed by only two of the commissioners appointed, and a third person, of the application for confirmation, will fail to give jurisdiction to the court for that purpose, and the property holder may set up such want of jurisdiction in defense to the application for judgment.

2. The statute providing for special assessments by cities and villages authorizes one or more of the commissioners to make affidavit of mailing notices to the owners of property assessed, and authorizes the affidavit of the person who posted notices, to be filed, to prove the fact of posting, as required by the statute; but as to the oath to be taken, examination of the locality, assessing benefits, certifying the assessment roll and signing the notices, the statute contemplates the joint action of the three commissioners. A majority can not act as to these matters.

3. Section 1, chapter 131, which provides that in the construction of statutes, words purporting to give a joint authority to three or more public officers, or other persons, shall be construed as giving such authority to a majority of such officers or persons, unless such construction will be inconsistent with the manifest intent of the legislature, or repugnant to the context of the same statute, will not make the signatures of two of the commissioners to notices valid, as that would be repugnant to the act relating to special assessments.

4. Where two of three commissioners appointed to make special assessments of benefits, instead of signing notices as a majority of the appointees, call in a stranger to the proceeding, who acts with the two in giving the notices, their act can not be sustained, and such notices, so signed, will fail to confer jurisdiction on the court to confirm the assessment.

5. The land owner, when notified by the commissioners, as provided by statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive on him; but he is under no obligation to pay any attention to a notice given by persons other than the commissioners who have been appointed to make the assessment.

6. Statutes—*when to be strictly construed.* It is a general rule, that in a proceeding for the collection of taxes or special assessments, where the owner may be deprived of his property, the requirements of the statute must be strictly followed.

Appeal from the County Court of Cook county; the Hon. Frank Scales, Judge, presiding.

Mr. F. W. Becker, for the appellants.

Mr. M. W. Robinson, and Mr. Adolph Kraus, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an application of the county collector of Cook county for judgment against delinquent lands for the collection of taxes and special assessments. The appellants appeared in the county court and filed objections in writing to the application, as follows: "They object to the entry of judgment herein against said lots, and each of them, because the judgment of confirmation upon which said warrant 17,143 was issued, was and is void, for want of jurisdiction in the court rendering the same."

Upon looking into the record it appears that the city of Chicago passed an ordinance for the construction of a sidewalk on Bond avenue, providing that the cost of the improvement should be paid by special assessment. On the 26th day of January, 1893, the city of Chicago filed a petition in the county court of Cook county, setting out the ordinance, and praying that the cost of the improvement might be assessed in the manner prescribed by law. The court entered an order January 27, 1893, appointing Humphrey Moynihan, W. L. Roseboom and W. O. Morse commissioners to make the assessment. The commissioners, after being duly sworn, as required by the statute, examined the premises, and prepared and returned to the court an assessment roll, in manner and form as required by the statute. Thus far no objections are

urged against the validity of the proceedings, but it is claimed that the notices published by the commissioners, fixing upon a time and place when and where application would be made for a confirmation of the assessment, were insufficient, and the court had no jurisdiction to enter the judgment of confirmation.

Section 27 of the act entitled "Cities, Villages and Towns," under which the proceedings were had, provides: "It shall be the duty of such commissioners to give notice of such assessment, and of the term of court at which a final hearing thereon will be had, in the following manner: First, they shall send, by mail, to each owner of the premises assessed, whose name and place of residence are known to them, a notice, substantially in the following form: (Then follows the form of a notice to be signed by the three commissioners.) Second, they shall cause at least ten days' notice to be given, by posting notices in at least four public places in such city or village, * * * and when a daily newspaper is published in such city or village, by publishing the same at least five successive days in such daily newspaper. * * * The notice may be substantially as follows :" Then follows the form of notice to be signed by the commissioners.

As has been observed, the three commissioners appointed to make the assessment were Humphrey Moynihan, W. L. Roseboom and W. O. Morse, and the notices mailed to owners of lands were signed by the three persons named, as commissioners, but the notices posted and published in a daily paper under the second clause of the section of the statute *supra*, were signed by William A. Taylor, W. L. Roseboom and W. O. Morse, and it is claimed on account of the defect in the notice the court had no jurisdiction to confirm the assessment. It is true that the statute providing for special assessments authorizes one or more of the commissioners to make affidavit of the mailing of notices to the owners, and authorizes the affidavit of the person who posted the notices, to be filed, to prove the fact of posting, as required by the statute; but as

to the oath to be taken, examination of the locality, assessing benefits, certifying the assessment roll and signing the notice, the statute seems to contemplate the joint action of the three commissioners. As to these requirements there is no provision of the statute that a majority, or any two, of the commissioners may act.

A case somewhat in point is *People* v. *Coghill,* 47 Cal. 361, where two of three commissioners alone acted in an assessment proceeding. The court say : "There are many authorities to the effect that, as a general rule, where the legislature has created a board of commissioners, and conferred discretionary power to decide upon matters of public interest, but has made no provision that a majority shall constitute a quorum, all must be present and consult, though a majority may decide. But be that as it may, the peculiar provisions of the section 33 of the act, * * * under which those proceedings were had, are decisive of the question. It provides that the board of supervisors * * * shall appoint three commissioners, who shall jointly view and assess, etc. The legislature having so distinctly declared that both in the acts of viewing and assessing, the commissioners shall act jointly, there can be no doubt that either of those acts performed by less than all of the members would be invalid."

Reliance is, however, placed in section 1, chapter 131, of the statute, to remove the difficulty. That section declares, "that in the construction of all statutes now in force or which may hereafter be enacted, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute : words purporting to give a joint authority to three or more public officers or other persons, shall be construed as giving such authority to a majority of such officers or persons." We think that the construction contended for would be repugnant to the statute authorizing special assessments, and hence it falls within the exception named. More-

over, the notice in question did not purport to be signed or given by two of the commissioners, acting for and as a majority of the three commissioners who were appointed to make the assessment. The notice was signed by three persons purporting to be the commissioners, while one of the persons was a stranger to the proceeding, and never had any authority to act. Had the notices been signed by Roseboom and Morse, two of the commissioners, purporting to be for and on behalf of the three who were appointed, there might be plausible ground for sustaining them; but where the two call in a stranger to the proceeding, who acts in giving the notice, we see no ground upon which a notice of that character can be sustained. It is a general rule, and one well understood, that in a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly followed.

Section 27 of the act under which the assessment is made, in plain terms requires the commissioners to give notice of such assessment, and the term of court at which a hearing will be had. The object of this requirement is to afford the owner whose land has been assessed, an opportunity to appear and contest the validity and justness of the assessment, and unless the notice required by the statute has been given, the court in which the assessment roll has been filed has no jurisdiction to confirm the assessment. The land owner, when notified by the commissioners, as provided by the statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive on him, but he is under no obligation to pay any attention to a notice given by persons other than the commissioners who have been appointed to make the assessment.

The judgment of the county court will be reversed, and the cause remanded.

*Judgment reversed.*