HARRISON BROS. *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa June 13, 1896.*

1. SPECIAL ASSESSMENTS—*when ordinance for, need not specify width of pavement.* An ordinance for the paving of a street need not specify the width of the pavement where such width is shown by the plat.

2. SAME—*the identical persons appointed as commissioners must act—discrepancy in names.* A special assessment cannot be confirmed where the affidavits, oath and roll are signed by John M. *Dunphy* as one commissioner, and alternately by *James* C. Hitchcock and *Jonas* C. Hitchcock as another commissioner, when the record shows the appointment of John M. *Dumphy* and *J. C.* Hitchcock as such two commissioners, together with James Bradley, whose name did not vary in the subsequent proceedings.

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

MAHER & GILBERT, for plaintiffs in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was a proceeding to confirm a special assessment under an ordinance the first section of which provides as follows: "That Harvard street, from Campbell avenue to California avenue, be and the same is hereby ordered curbed with curb-stones, said curb-stones to be not less than four feet long, three feet deep and five inches in thickness, * * * and paved with wooden block pavement, said wooden blocks to be six inches long and four to eight inches in diameter." By the second section it is provided the work shall be paid for by special assessment. Section 3 provides for the appointment of commissioners to make an estimate of the cost.

By section 19 of chapter 24 of the Revised Statutes it is prescribed that to authorize the making of local im-

provements by special assessment an ordinance must be passed "specifying therein the nature, locality and description of the improvement." The improvement must be made under the ordinance, and it affords the authority for what is proposed to be done. It must receive a reasonable construction. The width of the street is shown by the plat, and the existence of a street is by the plat evidence of the width thereof. An ordinance to pave a street will not be construed to embrace the sidewalks which are not to be paved, and the space between the sidewalks which is to be paved has a fixed and certain width which cannot be varied and about which neither the commissioners nor any party could ordinarily make any mistake. It is not necessary that the width should be stated in the ordinance. The objection to the ordinance cannot be sustained. We must, however, reverse this case for errors appearing in the record.

On filing the petition in the county court, James Bradley, John M. Dumphy and J. C. Hitchcock were appointed commissioners to make the assessment, and the affidavit of mailing notice is signed by John M. Dunphy, James Bradley and Jonas C. Hitchcock, as commissioners. The affidavit as to posting notice, to which a copy of the posted notice is attached, is signed by James Bradley, John M. Dunphy and James C. Hitchcock, as commissioners. The certificate of publication to which is attached a copy of the publication shows it to be for the same street and signed the same way as the notice which was posted. The oath of the commissioners and the assessment roll are signed by James Bradley, John M. Dunphy and Jonas C. Hitchcock. It cannot be said that John M. *Dunphy* and John M. *Dumphy* are one and the same person, nor are their names *idem sonans*. Neither can it be said *James* C. Hitchcock and *Jonas* C. Hitchcock are the same. In giving the notices required, taking the oath to be taken, assessing benefits and certifying the roll, the statute contemplates the joint action of the three

commissioners.    In each case it must appear the commissioners appointed acted.    *McChesney* v. *People ex rel.* 148 Ill. 221; *Boynton* v. *People ex rel.* 155 id. 66.

The defect in these proceedings is fatal to the confirmation.    The judgment of the county court is reversed and the cause is remanded.    *Reversed and remanded.*