HENRY H. GAGE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1901—Rehearing denied December 4, 1901.*

SPECIAL ASSESSMENTS—*all members of improvement board need not be present when resolutions are passed.* Section 9 of the Local Improvement act of 1897, providing the recommendation by the board of local improvements to the city council shall be signed by at least a majority of the board, does not warrant the inference that all other proceedings by the board, except the signing of the recommendation, must be unanimous, or at least that all members must be present and participate in the action taken, nor is there anything in the act requiring such unanimous action.

APPEAL from the County Court of Cook county; the Hon. RUSSELL P. GOODWIN, Judge, presiding.

F. W. BECKER, for appellants.

CHARLES M. WALKER, Corporation Counsel, DENIS E. SULLIVAN, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding under the Local Improvement act of 1897, to levy and confirm a special assessment to construct a cement sidewalk in front of appellants' lots and the lots of others not objecting. Appellants filed in the court below certain legal objections to the assessment, and the same having been overruled they waived all further controversy as to any remaining question under section 48, and then took this appeal from the judgment rendered.

The first question raised requiring notice is, that the proceedings were erroneous because it appeared from the record of the proceedings of the board of local improvements that one of its members was absent from the meetings when the first and the last resolutions were passed, —that is, the resolution recommending the improvement, and the one adopted after the public hearing, adhering

to such proposed improvement. With the proposed ordinance presented to the city council by the board was presented its recommendation of the improvement, signed, as required by section 9, by at least a majority of the board. We find nothing in the act of 1897 to warrant the conclusion that the board cannot act unless all of its members agree or are present. Such a construction would render it impossible, in many cases, to make needed local improvements. It appears that notice of the meeting was given, and the absence of one of the members ought not to defeat the action of the majority unless the law so requires. The board of local improvements is created by section 6 of the act in question, and is composed of five members. The proceedings of the board are regulated principally by sections 7, 8, 9 and 10, and section 9 provides that its recommendation to the city council or board of trustees shall be signed by at least a majority of its members.

Counsel for appellants draws the inference, and insists, that in all other proceedings by the board, except in signing the recommendation, they must be unanimous, or at least must all be present and participate in the action taken, and cites *McChesney* v. *People*, 148 Ill. 221, *Hinkle* v. *City of Mattoon*, 170 id. 316, *Moore* v. *City of Mattoon*, 163 id. 622, and *Adcock* v. *City of Chicago*, 160 id. 611, in support of his contention. In these cases it was decided that where three persons were appointed to make an assessment or to make an estimate of the cost of a contemplated local improvement under the statute then governing the construction of such improvements and the levying of special assessments therefor, they must act jointly, and that action taken by a majority of them was not a sufficient compliance with the statute. In the *McChesney* case it was said (p. 224): "Reliance is, however, placed in section 1, chapter 131, of the statute, to remove the difficulty. That section declares, 'that in the construction of all statutes now in force or which may hereinafter be en-

acted the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute. Words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or persons.' We think that the construction contended for would be repugnant to the statute authorizing special assessments, and hence it falls within the exception named." But the language of the act of 1897 creating the board of local improvements is different from that of the statute in force when that decision was rendered, and contains nothing repugnant to the provision in section 1 of chapter 131 quoted in the *McChesney case*, but, on the contrary, provides that the recommendation of the board may be signed by a majority of its members. In the adoption of resolutions which precede the recommendation to the council we see no reason why the general rule applicable to other public bodies should not govern and the concurrence of the majority be sufficient. Indeed, by the express provision of section 1 of chapter 131, relating to the construction of statutes, the authority to act is given to the majority unless such a construction would be' inconsistent with the manifest intent of the legislature or repugnant to the context of the statute, and, as we have seen, no such inconsistency or repugnancy appears here, but both statutes are harmonious. See, also, *Louk* v. *Woods*, 15 Ill. 256; 15 Am. & Eng. Ency. of Law, 1031, note; *Commissioners* v. *Baumgarten*, 41 Ill. 254.

Nor do we see any error in including the cost of the walks at intersections of streets in the cost of the improvement. The proceedings were had under the general Local Improvement act, and no difference, in principle, appears between such an assessment to build sidewalks and one to pave streets.

Finding no error the judgment is affirmed.

*Judgment affirmed.*