## THE CITY OF CHICAGO

*v.*

## THOMAS R. BROWN *et al.*

*Opinion filed December 16, 1903.*

1. ORDINANCES—*court may declare ordinance invalid for unreasonableness.* An ordinance passed under a grant of power to legislate generally upon the subject may be held invalid by the courts, if clearly unreasonable, unjust or oppressive.

2. SPECIAL ASSESSMENTS—*when paving ordinance is unreasonable.* An ordinance to lay two blocks of asphalt pavement, which requires the expense of tearing out a practically new macadam pavement in good condition at the single street intersection and of replacing it with asphalt, to be borne by the property owners in the two blocks, is void, as being unreasonable.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

ROBERT REDFIELD, (EDGAR BRONSON TOLMAN, of counsel,) for appellant.

FRANK E. HAYNER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The county court of Cook county entered judgment refusing to confirm a special assessment levied to pay the cost of grading, paving with asphalt and curbing Calumet avenue from the south line of Thirty-first street to the north line of Thirty-third street, in the city of Chicago, and the city has appealed.

The proposed improvement covered but a distance of two blocks and one street intersection, viz., the intersection of Thirty-second street and Calumet avenue. Thirty-second street, including the intersection aforesaid, had within less than four years before been paved by the city with macadam, and the evidence, practically without contradiction, showed that the pavement at the street intersection was still in good condition. The view of the

county court was that the requirement of the ordinance that the macadam pavement laid in the intersection of Thirty-second street and Calumet avenue, which had been in place less than four years and was in good, serviceable condition, should at the expense of the property owners be torn up and replaced by a pavement of asphalt, was so unreasonable and oppressive as to justify the court to declare the ordinance to be void.

An ordinance adopted by a city under a grant of power from the General Assembly to legislate generally on a given subject, as was the ordinance here under consideration, if unreasonable, unjust and oppressive, will be held invalid by the courts, and whether it is so unreasonable and unjust is a question for the decision of the court, in view of the existing circumstances and contemporaneous conditions. This rule has been frequently declared, and it is not questioned by counsel for the city. The power with which the court is vested to annul the action of the law-making body of a municipal corporation should, as is suggested by counsel for the city, be exercised only in clear and strong cases, but when such a case is presented it becomes the duty of the court to act, and protect the citizen against arbitrary and oppressive ordinances. We agree with the county court that the ordinance here under consideration should be regarded as inoperative. The macadam pavement of the intersection had been in place less than four years. It was in good condition and no reason for removing it appeared. To impose upon the owners of the property in these two blocks affected by the ordinance the burden of defraying the expense of tearing up and removing the macadam and of re-paving the intersection with asphalt cannot be defended against the insistence that it arbitrarily and unreasonably cast upon them unnecessary expense and operated unjustly upon them.

The judgment is affirmed.       *Judgment affirmed.*