SARAH E. WILKIN et al. Appellants, vs. THE CITY OF ROB-
INSON, Appellee.

*Opinion filed April 21, 1920.*

1. SPECIAL TAXATION—*when objection should be stricken upon
refusal to make it more specific.* An objection to a special tax or
assessment must be sufficiently specific to give notice to the peti-
tioner of what it is required to meet, so that it may disprove or
obviate the objection if it can, and an objection which is general
and does not point out the alleged defects relied upon, and which
the objectors, after a ruling by the court, have refused to make
more specific, should be stricken from the files.

2. SAME—*court may refuse to consider a general objection on
motion to strike.* Striking an objection from the files and refus-
ing to hear evidence in support of it amount to .holding that the
facts stated therein constitute no legal objection to the application
for judgment, but a motion to strike admits only averments well
pleaded, and it is not error for the court to refuse to consider a
general objection which would be valid if so stated as to show the
grounds of objection.

3. SAME—*legal existence of board of local improvements can
not be tried in proceeding to levy special tax.* In a proceeding to
levy a special tax for· a local improvement an objection that no
legal board of local improvements existed at the time of the pas-
sage of the resolution submitting the ordinance is properly stricken
from the files, as the legal existence of the board cannot be tried
in such proceeding.

4. SAME—*majority of board of local improvements is sufficient
to recommend an ordinance to city council.* The concurrence of a
majority of a board of local improvements is sufficient to recom-
mend an improvement ordinance to the city council.

5. SAME—*when objection charging that improvement is unrea-
sonable is sufficiently specific.* In a special taxation proceeding an
objection which charges that the cost of the paving of a street is
unreasonable and oppressive for the reason that a part of the street
is already improved with a macadam or other hard road surface
which is in excellent repair and sufficient for the purposes for which
the street is used is sufficiently specific and should not be stricken
from the files.

6. SAME—*court will not enforce the levy of a special tax for
improvement which is unreasonable or oppressive.* The court will
not enforce an improvement ordinance by the levy of a special tax
or assessment where such ordinance is unreasonable, arbitrary or
oppressive.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

NEWLIN, PARKER & NEWLIN, for appellants.

O. L. PLUNKETT, City Attorney, and McCARTY & ARNOLD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city council of the city of Robinson, in Crawford county, adopted an ordinance for the improvement of Webster street by draining the same and constructing thereon a concrete pavement to be paid for by special taxation, and filed a petition in the county court of that county for the levy of the special tax. The appellants, who were owners of real estate against which the special tax was charged, filed eight objections. The court, on motion of the city, entered a rule on the appellants to make more specific the objections numbered 2, 3, 4, 6 and 7, but the objectors elected to stand by their objections as filed and the court struck them from the files. The court also struck from the files objection No. 8 as alleging matter proof of which was not admissible as a defense. There was a hearing on objection No. 5 and it was overruled, and the appellants having waived further controversy as to objection No. 1, which was that their property would not be benefited by the amount assessed against it, judgment was entered against the property.

An objection to a special tax or assessment must be sufficiently specific to give notice to the petitioner of what it is required to meet, so that it may disprove or obviate the objection if it can. Where an objection is general in its character and does not point out the alleged defects re-

lied upon or the specific grounds of objection, the objectors should, on motion, be required to make it more specific, and if the requirement is not complied with the court will not consider the objection. (*Gorton* v. *City of Chicago,* 201 Ill. 534; *Fisher* v. *City of Chicago,* 213 id. 268; *Close* v. *City of Chicago,* 217 id. 216.) As a general rule, striking objections from the files and refusing to hear evidence in support of them amounts to holding that the facts stated constitute no legal objection to the application for judgment, (*People* v. *Conway,* 253 Ill. 140,) but a motion to strike admits only averments well pleaded, (*People* v. *Omen,* 290 Ill. 59,) and it is not error for the court to refuse to consider a general objection which would be valid if so stated as to show the grounds of objection. (*Lingle* v. *West Chicago Park Comrs.* 222 Ill. 384.) Objections numbered 2, 3, 4 and 6 were general in their character and so worded as not to show the particular grounds of the objections. As they were lacking in any particulars which would give notice to the petitioner what it would have to meet on the hearing, and the objectors having refused to make them specific, the court did not err in striking them from the files.

Objection No. 8 was that no legal board of local improvements existed at the time of the passage of the resolution submitting the ordinance. The legal existence of the board could not be tried in the proceeding, (*Betts* v. *City of Naperville,* 214 Ill. 380,) and the court was right in so holding.

Objection No. 5 alleged that the records of the minutes of the board of local improvements showed certain meetings and proceedings, from which it was alleged that the resolution recommending the ordinance as finally passed was illegal and void. It was shown on the hearing of that objection that there was a meeting of the board of local improvements on June 12, 1919, at which two members of the board were present, when a resolution was adopted origi-

nating the scheme for the improvement by drainage of the street and paving the same with brick, and the public hearing was fixed for June 27, 1919, at the office of the public engineer in the court house, and attached to the resolution there was a detailed estimate by the public engineer. The public hearing was held, and all persons desiring to be heard having been heard, the board changed the proposed plan to a cement concrete pavement and adopted a resolution providing in detail for the changes to be made in the specifications and requiring a new estimate by the public engineer. There was a meeting of the board on July 2, 1919, when no action was taken concerning the improvement, but at a meeting on July 11, 1919, two members being present, an ordinance for the improvement was recommended to the city council, together with plans, drawings and a revised estimate of cost. One member of the board resigned on July 2, 1919, but the public hearing had been held and the question of making the improvement and its character had been finally decided. The ordinance for the improvement and recommendation to the city council were by a majority of the board, and it was held in *Gage* v. *City of Chicago,* 192 Ill. 586, that the ninth clause of section 1 of chapter 31 of the Revised Statutes applied to a board of local improvements and that the concurrence of a majority is legal and sufficient. There was no error in overruling objection No. 5.

Objection No. 7, which was stricken from the files for refusal to make it more specific, charged that the cost of the improvement was unreasonable and oppressive, for the reason that the south half of the proposed improvement was already improved with a macadam or other hard road surface, which was in excellent repair and ample and sufficient pavement for the uses and purposes for which the street was used by the public. The objection was specific, and by it the court was called upon to determine whether the ordinance was unreasonable, arbitrary or oppressive.

If an ordinance is of that character the court will not enforce it by the levy of a special tax or assessment. In *City of Chicago* v. *Brown,* 205 Ill. 568, it was held that an ordinance providing that a macadam pavement in good, serviceable condition should be torn up and replaced by a pavement of asphalt was so unreasonable and oppressive as to be void. The objectors had a right to prove, if they could, the fact alleged in the objection and to have the judgment of the court upon the objection.

For error in striking from the files objection No. 7 the judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*