(No. 16424.—Reversed and remanded.)
THE CITY OF GREENVILLE, Appellee, *vs.* JAMES M. MILLER,
Appellant.

*Opinion filed February 17, 1925.*

1. SPECIAL ASSESSMENTS—*when improvement of alley is a single improvement.* The paving of an alley which runs through three city blocks is not a double improvement because the ordinance excepts the intersecting streets and provides for the pavement of the alley in each block, as the fact that the alley crosses intersecting streets does not break its continuity any more than it would if it were a street instead of an alley.

2. SAME—*the objector is entitled to hearing as to whether an ordinance is reasonable.* Where an ordinance for a public improvement is unreasonable, arbitrary or oppressive the court will not enforce it by the levy of a special tax or assessment, and an objection alleging that an ordinance providing for the paving of an alley is arbitrary, oppressive and unwarranted for reasons given in the objection should not be stricken from the files, but the objector is entitled to prove the allegations, if he can, and have the judgment of the court upon the objection.

APPEAL from the County Court of Bond county; the Hon. JOHN D. BIGGS, Judge, presiding.

EMERSON E. SCHNEPP, for appellant.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a final order and judgment of the county court of Bond county under the Local Improvement act, providing for the improvement, by grading and paving with concrete, of an alley in the city of Greenville, extending north and south between First and Second streets and from the south line of Oak avenue, a paved street, to the north line of South avenue, an unpaved street, excepting therefrom the intersecting streets or roadways, in which proceeding appellant had filed objections. The property of the objector abuts on the alley on the east and west sides thereof, between Main avenue and South avenue, unpaved streets.

It is contended by the appellant that the proposed improvement, by a single ordinance, of an alley which extends through three city blocks, and excepting therefrom the roadways of the two intersecting streets, is not a distinct, single improvement but a double improvement within the meaning of the law, and that all proceedings relating thereto are therefore illegal, null and void. The alley in question is a continuous one from the point of the beginning of the improvement to the point of the termination thereof, and the fact that it crossed intersecting streets does not break its continuity any more than it would if it were a street instead of an alley.

Objector filed several objections, the fifth of which is as follows: "That the ordinance providing for the proposed improvement herein is unreasonable, unwarranted, arbitrary, confiscatory, oppressive, and therefore void in law, for reasons as follows, to-wit: That said ordinance and proposed improvement imposes an oppressive and confiscatory tax upon said lands of this objector without any benefits thereto, increase of the value thereof or facility in the use of said lands; that said proposed improvement will be constructed over the sewer now in said alley, and by reason thereof will greatly impair the accessibility, use and benefits of said sewer to the lands of this objector; that the ordinance for said improvement, and the specifications, provide and specify that said improvement be constructed of materials, rock, stone, gravel and sand of a particular kind and character and from a particular location, and of necessity purchased at an unreasonable, unwarranted and arbitrary price measured by the value of their use in the kind and character of said proposed improvement and the surroundings thereof, whereas such said material of like kind and equally as good and as well adapted for said purpose in said improvement if provided for in said ordinance and specifications would reduce the

cost of said proposed improvement one-third to one-half of the estimated cost herein, and that the provision herein for the use of said material at said excessive cost is an arbitrary and oppressive exercise of power to impose a heavy burden of taxation on this objector without reasons or cause therefor; that said alley between Main and South streets is at all times in good condition for travel and use and well adapted for the purposes of its present use and the physical condition of the two said contiguous streets, and for said reasons and the said unimproved, muddy and defective condition of the two streets, Main and South streets, in proximity to said alley, and from which, only, is the said alley accessible, the enactment of the ordinance herein is an arbitrary, oppressive and unwarranted exercise of discretion on the part of the enacting body which renders said ordinance void, and that for all the aforesaid reasons said ordinance and said improvement is void in law." This objection, upon motion of appellee, was stricken from the files, and it is alleged that the court erred in so doing.

Where an ordinance for a public improvement is unreasonable, arbitrary or oppressive the court will not enforce it by the levy of a special tax or assessment. Objector had a right to prove, if he could, some of the facts alleged in the objection and to have the judgment of the court upon the objection. *Wilkin* v. *City of Robinson,* 292 Ill. 510; *Village of Elmwood Park* v. *Mills & Sons,* 311 id. 136.

For the error in striking from the files objection No. 5, the judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*